[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a zoning appeal taken pursuant to Sec.8-8 of the Conn. General Statutes brought by the plaintiff, Haddam Quarter Associates, a Connecticut partnership, (hereinafter CT Page 971 Haddam Quarter), from the decision of the defendant Planning and Zoning Commission of the Town of Durham (hereinafter Commission), which denied plaintiff's application for a special exception concerning a parcel of land on Haddam Quarter Road in the Town of Durham, Connecticut.
On February 22, 1989 the plaintiff, Haddam Quarter, submitted an application to the defendant Commission for subdivision approval and for a special exception. (Record Item 1, 2).
Following a public hearing held on September 6, 1989, the Commission disapproved the plaintiff's application because of a lack of a majority vote by the Commission. (Record Item 3, 4, 14).
The plaintiff appealed the Commission's decision contending that the defendant Commission acted illegally, arbitrarily and in abuse of the discretion vested in it in that it (a) failed to state the reasons for its decision upon the record; (b) failed to consider the information and evidence before it; (c) improperly considered and recorded information outside the record of the proceedings, and after the close of the public hearing; (d) failed to follow and/or apply its own regulations, the ordinances of the Town of Durham, and the laws of the State of Connecticut; (e) acted contrary to the information and evidence before it, and the reasonable inferences to be drawn therefrom; (f) improperly ignored and/or failed to consider uncontradicted expert testimony and opinions; (g) solicited and/or received improper and illegal ex-parte communications concerning the plaintiff's application; (h) founded its decision upon improper and irrelevant information and considerations; (i) otherwise acted illegally, arbitrarily, capriciously and in abuse of its discretion in denying said application. (Plaintiff's complaint). The parties have submitted memoranda in support of their respective positions.
A. Aggrievement
It is required that a party bringing a zoning appeal be aggrieved by the zoning decision. Walls v. Planning Zoning Commission, 176 Conn. 475, 477 (1979); Conn. General Statutes Sec. 8-8. Pleading and proof aggrievement are prerequisites to the trial court's jurisdiction over the subject; matter of the plaintiff's appeal. Walls, 176 Conn. at 479.
Based on the evidence produced at a hearing CT Page 972 held on April 10, 1990 before this court, the court finds that the plaintiff is aggrieved.
Notice of publication of the Commission's decision was made on September 9, 1989 as required by Conn. General Statutes Sec. 8-8. (Record Item 4). Service was made on September 15, 1989 and filed in September 20, 1989.
Scope of Review
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554,572-73 (1988). The court is only to determine whether the agency has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay, Inc., 206 Conn. at 573. The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Burnham v. Planning Zoning Commission, 189 Conn. 261, 265 (1983). Commission decisions must be upheld on appeal if reasonably supported by the record. Dram Associates v. Planning 
Zoning Commission, 21 Conn. App. 538, 541 (1990) (citations omitted).
The plaintiff initially contends that its application for a one-lot subdivision was arbitrarily and capriciously denied by the defendant Commission. The plaintiff specifically claims that the proposed subdivision conformed in all respects to the provisions of the subdivision and zoning regulations of the Town of Durham. Plaintiff further claims that the record is devoid of evidence that the Commission ever discussed or considered the plaintiff's subdivision application and, further that there are no findings or reasons for denial of the application in the record.
Additionally, the plaintiff claims that its application for a special permit was illegally, arbitrarily and capriciously denied by the defendant. Commission, and its failure to approve said application constitutes an abuse of the discretion legally vested in the Commission. (Plaintiff's Memorandum p. 13). Specifically, plaintiff contends that the defendant Commission applied illegal standards to the plaintiff's special exception application, and relied upon improper reasons and justifications or its decision. Further, plaintiff claims that there is no credible evidence to support the Commission's decision to deny the special exception, and the defendant improperly and illegally failed to inform the plaintiff that it intended to ignore all of the evidence in the record, and to rely instead on its own CT Page 973 judgment and special knowledge. (Plaintiff's Memorandum pp. 17-19).
The defendant Commission contends that the application presented to it was one seeking a multi-family or condominium development in the middle of a zone set aside by the Commission for development of single-family houses situated on lots containing at least 40,000 square feet with frontage of at least 200 feet. (Defendant's Memorandum p. 11) citing Section 04.02.01 of the Zoning Regulations, record Item 38. Defendant claims that the record contains an ample basis upon which it could reasonably conclude that the intrusion of a multi-family housing project proposing that 33 families be housed on approximately 23 acres of land located in the middle of a farm-residential area set aside or the construction of single-family homes on lots containing at least 40,000 square feet with a lot frontage of 200 feet on a road which admittedly needs major improvements is "not in harmony with and does not, conform to the appropriate and orderly development of the town and the neighborhood;" "will be detrimental to the neighborhood and adjacent properties" and "the streets serving the proposed development are not adequate to carry the prospective traffic, a safe access to the development has not been provided and an undue traffic hazard and congestion will be created." (Defendant's Memorandum pp. 17, 18). The defendant Commission concludes that it did not act illegally or arbitrarily and, thus, in abuse of the discretion vested in it in determining that the plaintiff's application for a special exception did not satisfy the standards set forth in its regulations and, accordingly, the defendant argues that the appeal of the plaintiff must be dismissed. (Defendant's Memorandum p. 25).
Subdivision Application
When reviewing a subdivision application, a planning commission acts in an administrative capacity. Reed v. Planning Zoning Commission, 208 Conn. 431, 433
(1988). If the application conforms to the regulations, the commission has no discretion and must approve it. The application must be denied if it does not conform to the regulations. Id. at 433.
The plaintiff's first issue, claiming that the subdivision application was arbitrarily and capriciously denied by the Commission, will be addressed initially apart from the special exception issue.
The plaintiff contends that there is nothing in CT Page 974 the record which indicates how or why the Commission concluded that denial of the plaintiff's subdivision application was required. Plaintiff further claims that it was arbitrary and capricious of the defendant Commission to deny the plaintiff's subdivision application without discussion, comment, reason, or justification and moreover, inasmuch as the plaintiff's application conformed to the Commission's requirements, the conclusion is inescapable that the Commission was required to grant the plaintiff's subdivision application.
Section 05.06.02 of the Durham Zoning Regulations (Record Item 38), states:
 Apartments and multi-family dwellings on parcels of 4 acres or larger may be permitted after meeting the following requirements and the issuance of a Special Exception in accordance with Section 13.05 of these regulations.
Section 13.05.01 entitled, "Purpose," states that:
 In dividing the Town of Durham into zones it is to be recognized that. there are certain uses which may be necessary to the Town, but which may be detrimental to their neighbors if proper safeguards are not taken. The Planning and Zoning Commission must evaluate the impact of such uses upon neighboring uses and surrounding areas and decide whether or not to grant a special exception for such uses.
The standards governing the issuance of a special exception in the Town of Durham are set forth in sections 13.05.04 and 13.05.05 of the Town Zoning Regulations. (Record Item 38).
An examination of Record Item 14, p. 9 reveals that a motion to approve a request for a 1-lot subdivision and special exception for the proposed subject premises was made and defeated. See also. Record Item 4. (Notice of Publication of Decision).
The following reasons were cited for denial of the application:
 a. The location, type and size of the use and the proposed structures are not in harmony with CT Page 975 and do not conform to the appropriate and orderly development of the Town and the neighborhood.
 b. The streets serving the proposed development are not adequate to (carry the prospective traffic, a safe access to the development has not been provided and an undo traffic hazard and congestion will be created.
 c. The property is not not sufficient size and dimension to permit the establishment of such a development and it will be detrimental to the neighborhood and adjacent properties. (Record Item 14, p. 9).
The plaintiff contends that the record does not contain findings or reasons for the Commission's denial of the subdivision application. Plaintiff further contends that the record is devoid of evidence that the Commission ever discussed or considered plaintiff's subdivision application.
Section 13.05.02 of the Town Zoning Regulations (Record Item 38 pp. 13-9), states in relevant part that:
 In accordance with the standards and requirements hereinafter specified, the Commission may grant a special exception for the establishment of one or more of the uses for which a special exception must be secured as required by these regulations. All requirement of his section are in addition to other requirements applicably in the district in which the special exception use is to be located. (emphasis added).
The regulation is clear in its effect in that denial of a special exception is tantamount to disapproval of subdivision application. The granting of the special exception under the applicable regulations is a condition precedent to subdivision approval.
Accordingly, the Commission's stated reasons pertained to the special exception and, pursuant to the above regulation, the Commission's decision to deny the special exception made it unnecessary to consider the subdivision application.
Special Exceptions Application CT Page 976
The court must next determine if the Commission improperly denied the plaintiff's special exception application.
The terms "special exception" and "special permit" have the same legal meaning and are used interchangeably. A.P. W. Holding Corporation v. Planning 
Zoning Board, 167 Conn. 182, 185 (1974). A special exception allows a property owner to use his property in a manner expressly permitted by the regulations. The proposed use must satisfy the standards set forth in the regulations. Housatonic Terminal Corporation v. Planning Zoning Board,168 Conn. 304, 307 (1975); A.P. W. Holding,167 Conn. at 185; Conn. General Statutes Sec. 8-2. "Acting in this administrative capacity, the board's function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied." A.P. W. Holding, 167 Conn. at 185. (citations omitted).
The record reveals that the Commission gave three reasons for its denial of plaintiff's special exception application. (See Record Item 14 p. 9). "Where a zoning authority has stated its reasons for its action . . ., the reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations . . . . The Commission's action must be sustained if even one of the stated reasons is sufficient to support it." Goldberg v. Zoning Commission, 173 Conn. 23, 26 (1977).
 1) The first reason given by the Commission for denial of plaintiff's application is that:
 The location, type and size of the use and the proposed structures are not in harmony with and do not conform to the appropriate and orderly development of the Town and the neighborhood.
(See Record Item 14 p. 9)
The above reason addresses the General Standards listed under the Town Zoning Regulations section 13.05.04, subparagraph one.
The plaintiff contends on page 20 of its memorandum that the Commission chose to rely on its own judgment; in rejecting the plaintiff's application, and CT Page 977 intentionally ignored the only evidence in the record. Additionally, the plaintiff claims that the Commission rejected all of the evidence, including that provided by its own staff, and instead listed several unsupported generalization parroting the language of its regulations.
The defendant Commission characterizes the plaintiff's proposed project as a multi-family housing project in an area where only single-family homes are allowed under the regulations. (See Defendant's Memorandum pp. 11, 17).
The plaintiff's application (Record Item 2), reveals that plaintiff applied pursuant to Town Zoning Regulation Section 05.06.02, for apartments and multi-family dwellings on parcels of 4 acres or larger. Nevertheless, plaintiff in its application describes the proposed use and structure as "33 Single Family Dwelling on 48 +/- acres as a cluster development." (Record Item 2).
At the hearing held before the Commission on May 3, 1989, a Mr. Johnson Schaefer, a licensed landscape architect stated that there are four styles of houses that will be included in the project; a cape, a colonial, a Victorian and a gamble. (See Record Item 30 p. 13). He also emphasized that these are all detached single family houses. (See id.). Additionally, the plaintiff in its memorandum page 1, claims that it is seeking a special permit for 33 single family units as multi-family dwellings on a single parcel.
Defendant claims in its memorandum, page 11, that the application presented to the Commission, in simple terms, was one seeking a multi-family or condominium development in the middle of a zone set aside by the Commission for development of single-family houses situated on lots containing at least 40,000 sq. feet with frontage of at least 200 feet. (Section 04.02.01 of the Zoning Regulations).
The notice of the public hearing, Record Item 3, reveals that the plaintiff was seeking to construct "33 detached, single family dwelling units, located on land in common ownership. . ." (Record Item 3) (emphasis added).
The application before the defendant Commission was submitted pursuant to Zoning Regulation Sections 05.01.01.01 and 05.06.02 which allow a use permitted as a special exception in a designated district in accordance with Section 13.05. (Record Item 38 pp. 5-1, 5-6). The record supports the defendant's argument that plaintiff CT Page 978 sought to build a condominium development. (Record Item 3).
As such, the defendant determined that the location, type and size of the use and the proposed structures are not in harmony with and do not conform to the appropriate and orderly development of the Town and the neighborhood. (Record Item 14 p. 9).
The record reveals testimony by various residents opposed to the plaintiff's application indicating their concern over the detrimental impact of the proposed project on the surrounding residential developments and its depreciating effect on property values. See (Record Items 30, 31 transcripts).
The record supports the Commission's stated reason for denial of plaintiff's application. (See Record Item 14 p. 9), Reason #1; see also Record Item 38 p. 13-9 Section 13.05.04(1)).
When ruling upon a special exception, a zoning authority acts in an administrative capacity, and its function is simply to determine whether the proposed use is expressly permitted and whether the standards are satisfied. Housatonic Terminal Corporation v. Planning Zoning Board,168 Conn. 304. 307 (1975) (emphasis added).
Because the commission's action must be sustained if even one of the stated reasons is sufficient to support it, it is unnecessary to address the commission's two other stated reasons for denial of plaintiff's application for a special exception. See Goldberg,173 Conn. at 26.
The court concludes that, because the defendant Commission did not act illegally, arbitrarily or in abuse of its discretion, the plaintiff's appeal must be dismissed.
SCHALLER, J.
Judgment in accordance with foregoing Memorandum Of Decision Felicia Santostefano, Assistant Clerk.