[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from the decision of the Noank Fire District Zoning Commission (hereinafter referred to as the Commission) denying the plaintiff's application for a coastal site plan approval.
The Commission was empowered by the zoning ordinance of the Noank Fire District to hear and act on applications for site plan approval and consider the same as an application for a special permit as provided in section 8-2 of the Connecticut General Statutes (section 11.1, Noank Zoning Regulations).
The plaintiff operates a marina on a 4.9 acre site located on a previously filled and bulkheaded peninsula within the Mystic River at the end of Pearl Street in Noank, a village within the Town of Groton. The plaintiff's property is in an area zoned Waterfront Commercial by the Noank Zoning Regulations and is within the coastal area as defined by section 22a-94 of the Connecticut General Statutes. As the owner of the premises in question as established by deed to the premises presented in evidence at the hearing on this appeal, the plaintiff is aggrieved.
The plaintiff applied to the Commission for approval CT Page 4553 of a coastal site plan to build a multi-use structure on the same footprint as an existing building which it used for spar storage and a marine store. The plan presented a 33 x 150 foot building with three levels of multi-use space built over a grade level which would continue to be used for spar and rigging storage. The overall height of the proposed building is 35 feet, with cupolas adding an additional 12 feet to the height and flagpoles or spires which add an additional 12 feet, for a total of 59 feet. The plaintiff's proposed use of the building was for additional office space for its shipyard needs with the excess space, beyond its office needs, limited to use as allowed in the Waterfront Commercial zone.
Permitted uses in this zone include single-family detached dwellings; yacht club; boat docks and slips for yachts, pleasure boats and boats for hire; boat yard for building, repair and storage of boats; boat and marine engine sales and display; yacht and insurance broker; retail sales of boats and boating equipment; boat rentals; sail loft and chandlery; base operations for fishing and shellfishing and store for sale of fish and shellfish, including restaurant service; and home occupations. (Section 8, Noank Zoning Regulations.) Parking space requirements in the zone vary according to the use involved; e.g., office and retail space require one space per 250 square feet of gross floor area; restaurants require one space per 75 square feet; dwelling units two per family unit; party boat businesses require one space for every three persons which the business is licensed to carry for hire; and boat docks, slips, moorings and boat yards have parking space requirements based on the season. Summer (June 1 to September 30) parking requirements are one space per boat slip/mooring/rental boat plus added space for each boat trailer, while the balance of the year's parking space requirements are one-half space for each boat over ten feet in length which is stored on the premises. (Section 9.1, Noank Zoning Regulations.)
The premises in question are subject to the Coastal Management Act (sections 22a-90 to 22a-112, Connecticut General Statutes) which provides that application for approval of site plans for proposed buildings within the coastal management boundaries shall be filed with the municipal zoning commission which shall apply the policies and goals of the Coastal Management Act in its consideration of site plan applications. Coastal Management Act defines the water-dependent uses permitted within the coastal area as "those uses and facilities which require direct access to, or location in, marine or tidal waters and which therefore cannot be located inland." (Section 22a-93 (16), Connecticut General Statutes). Coastal Management Act defines an adverse impact on CT Page 4554 water-dependent uses as, among other things, "replacement of a water-dependent use with a non-water dependent use." (Section22a-93 (17)(B), Connecticut General Statutes).
In acting on site plan approval, the Commission is required to consider "the architectural plans of the building, other structures and signs, including the exterior of the building materials, color, evaluations, roof line, height and bulk, shall be of such a character as to harmonize with the neighborhood in which such construction is taking place, . . . to protect property values in the neighborhood and to preserve and enhance the appearance and beauty of the community." (Section 2.26, Noank Zoning Regulations.)
The Commission unanimously denied approval of the plaintiff's application because of technical flaws in the plan (i.e., failure to show contour lines, storm drainage, landscaping and traffic flow); failure to specifically define the proposed uses made it impossible to determine compliance with parking, emergency or Coastal Management Act regulations; and because the four story structure was determined to be inappropriate to the character of the surrounding village.
A commission in considering an application for site plan approval acts in an administrative capacity with no independent discretion beyond determining whether the plan complies with applicable regulations. Norwich v. Norwalk Wilbert Vault Company, 208 Conn. 1, 12-13 (1988). A commission's finding that a site plan fails to conform to the regulations in any respect limits the reviewing court's inquiry to two issues: Whether the stated reasons for denial are supported by the record and whether they are pertinent considerations under the applicable regulations. Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. 304,305-306 (1975). If any of the stated reasons is sufficient to support the commission's decision, that decision must be sustained. Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 576 (1988). In appraising the sufficiency of the record, the court must determine only whether there was substantial evidence which reasonably supported the administrative decision. Feinson v. Conservation Commission, 180 Conn. 421, 425 (1980).
The Court has examined the record in this case and finds substantial evidence supporting the considerations of the Commission and that they are pertinent considerations under the applicable regulations.
For these reasons the appeal is denied. CT Page 4555
TAMBORRA, J.