[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the defendant Stonington Planning Zoning Commission's (hereinafter "Commission") denial of plaintiffs Albert and Virginia Lodrini's application to renew a special use permit for excavation.
On June 30, 1975, the plaintiffs applied to the defendant Commission for a permit to excavate an estimated CT Page 1527 38,000 cubic yards of material from a 2.8 acre area of their 41 acre property on Route 184 in Stonington, located in an RR-80 zone. (ROR Item 4h). The requested permit, No. 75-185, was issued on November 20, 1975 and was valid for one year. (ROR Item 4n). The legal notice of the decision granting the permit states that the permit was to "remove an estimated 38,000 cubic yards of gravel from a 2.8 acre area." (ROR Item 41). The permit was renewed for a one-year period on December 27, 1976. (ROR Items 4s, 4t); for a three-year period on March 6, 1980 (ROR Items 4ee, 4ff); for a three-year period on May 13, 1983 (ROR Items 4ss, 4tt); and for a two-year period on July 15, 1986 (ROR Items 4ww, 4xx).
On April 12, 1988, the plaintiffs applied to the defendant Commission to renew permit No. 75-185 for an additional three years (ROR Item 1). A public hearing on plaintiffs' application was held on June 21, 1988. (ROR Item 9, transcript). Notice of the public hearing was published on June 10, 1988 and June 17, 1988. (ROR Item 10, publisher's certificate). Notice of the public hearing was published within the time limits set forth in Connecticut General Statutes section 8-3c(b).
At a special meeting held on July 7, 1988, the defendant Commission unanimously voted to deny the plaintiffs' application. (ROR Items 13, 14). The plaintiffs have alleged that notice of the Commission's decision was published July 15, 1988 (plaintiffs' amended appeal at paragraph 7). The defendants have admitted that allegation. (Defendants' answer at paragraph 7).
The plaintiffs commenced this appeal on July 27, 1988 by service on the chairman of the Planning Zoning Commission, the town clerk and the zoning enforcement officer. This appeal was taken within the fifteen-day time limit established by Connecticut General Statutes section 8-8 (a), as amended by Connecticut Public Acts 88-79 section 1. Accord Connecticut Public Acts No. 90-286 (1990). Connecticut General Statutes section 8-2 permits a municipality's zoning regulations to:
 provide that certain classes or kinds of buildings, structures or uses of land are permitted only after obtaining a special permit or special exception from a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals. . .subject to standards set forth in the regulations and to conditions necessary to protect the public CT Page 1528 health, safety, convenience and property values.
Connecticut General Statutes section 8-3c permits the zoning authority to grant or deny an application for a special permit after a public hearing on the application.
The Stonington Zoning Regulations (hereinafter "regulations") section 3.34(H) provides that excavation operations require a special use permit in RR-80 zones. (ROR Item 16). Section 5.4-5 of the regulations sets forth numerous standards and requirements for special use permits for excavation. (ROR Item 16).
Aggrievement is a prerequisite to maintaining an appeal. Smith v. PZB, 203 Conn. 317, 321 (1987). The owner of property that is the subject of the commission's decision is aggrieved. See Bossert v. Norwalk, 157 Conn. 279, 285 (1968). At the hearing before the Court (Walsh, J.), the Court heard testimony from the plaintiff Albert Lodrini and found that the plaintiffs are the owners of and are in possession and control of the property that is the subject of this appeal. The plaintiffs are statutorily aggrieved.
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay, Inc. v. PZC, 206 Conn. 554, 572-73 (1988); Parks v. PZC, 178 Conn. 657, 663 (1979). The court is only to determine whether the zoning commission has acted illegally, arbitrarily, or in abuse of its discretion. See Frito-Lay, Inc., 206 Conn. at 573; Raybestos-Manhattan, Inc. v. PZC,186 Conn. 466, 470 (1982). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. PZC, 211 Conn. 85, 96 (1989); Burnham v. PZC, 189 Conn. 261, 265 (1983).
The burden of proof to demonstrate that the commission acted improperly is upon the plaintiff. Burnham,189 Conn. at 266.
The terms "special permit" and "special; exception" have the same legal meaning and are used interchangeably. A.P. W. Holding Corp. v. PZB, 167 Conn. 182, 185 (1974). A special exception allows a property owner to use his property in a manner expressly permitted by the regulations, so long as the use satisfies the standards set forth in the regulations. Housatonic Technical Corp. v. PZB, 168 Conn. 304, 307 (1975).
When ruling upon a special exception, a zoning authority acts in an administrative capacity, and its function CT Page 1529 is simply to determine when the proposed use is expressly permitted and whether the standards are satisfied. Id. at 307; A.P. W. Holding Corp., 167 Conn. at 185. "It has no discretion to deny the special exception if the regulations and statutes are satisfied." Daughters of St. Paul v. ZBA,17 Conn. App. 53, 56 (1988).
Generally, an administrative tribunal cannot reverse a previous decision unless there has been a change of conditions or other circumstances have arisen which materially affect the merits of the matter decided. Grillo v. ZBA,206 Conn. 362, 367 (1988).
The defendant Commission gave the following reasons for denying plaintiffs' application:
 (1) Lack of compliance with 1980 permit with reguards (sic) to phases as required during first 2 yrs substantial (sic) construction on bldgs be completed (sic).
 (2) The 38,000 cu yrd limit greatly exceeded (ROR Item 13, Record of Decision).
When the zoning authority has stated the reasons for denying a special exception, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. Daughters of St. Paul, Inc.,17 Conn. App. at 56.
The record reveals that the plaintiffs' original application for "excavation permit" No. 75-185 specified that the total volume of excavation was to be an estimated 38,000 cubic yards (ROR Item 4h), and that the permit was granted on that basis. (ROR Item 41). None of the numerous subsequent renewals of Permit No. 75-185 changed that term of the permit. Plaintiffs' application for renewal which is the subject of this appeal seeks to extend Permit No. 75-185 for a period of three additional years, but does not seek to modify any other aspect of the permit. (ROR Item 1).
The transcript of the public hearing reveals that the amount or volume of material removed from plaintiffs' property pursuant to Permit No. 75-185 was not discussed at all during the hearing. The minutes of the public hearing indicate that the town planner and the town zoning enforcement officer were to examine the site the following week (ROR Item 8 at p. 3), although the official transcript of the public CT Page 1530 hearing does not so indicate. (ROR Item 9). The defendant Commission states in its brief that these two "staff members" did inspect the property and then reported orally to the Commission their findings, and that the Commission voted in reliance on that information.
A commission composed of laymen is entitled to receive professional and technical assistance from its staff members and consultants. See McCrann v. PZC, 161 Conn. 65, 77
(1971). However, evidence submitted ex parte after the close of the public hearing must be within the scope of the evidence presented at the public hearing. See Hawkes v. PZC, 156 Conn. 207,212 (1968). "`Due process of law requires that the parties involved have an opportunity to know the facts on which the commission is asked to act, to cross-examine witnesses and to offer rebuttal evidence.'" Carlson v. Fisher,18 Conn. App. 488, 502-03 (1989) (citations omitted).
The record does not reveal that the plaintiffs were given an opportunity at the public hearing to offer evidence establishing how much material has been removed from their property; nor does the record reveal that the plaintiffs were informed that the Commission would act on such a determination. Further, the record contains no indication of the basis for the Commission's conclusion that the 38,000 cubic yard limit had been exceeded. The Court cannot determine from the record before it whether the Commission did in fact rely on evidence submitted by the town planner and/or town zoning enforcement officer and, if it did, whether that evidence substantially supported such a conclusion.
There is no substantial evidence in the record supporting the Commission's conclusion that the 38,000 cubic yard limit had been "greatly exceeded" and, therefore, the second reason stated by the Commission for its decision to deny plaintiffs' application is found to be invalid.
The record reveals that on February 6, 1980, the plaintiffs applied to the Commission for a special permit to construct a private country club on the subject property. (ROR Item 5A). This special permit was granted on April 29, 1980 with several conditions, one of which was: "1. Existing excavation permit No. 75-185 is to be cancelled upon issuance of country club's special permit." (ROR Item 5i). The conditions to permit No. 80-62 also established four phases of construction of the proposed buildings and facilities, and required, "In the first two year period. . .substantial construction is to be commenced on one of the aforementioned phases." (ROR Item 5i). CT Page 1531
On April 11, 1983, the plaintiff Albert Lodrini wrote a letter to the Commission stating that he did not agree to give up his rights under the excavation permit and requesting "that the Commission leave the two separate Permits intact." (ROR Item 4oo). Thereafter, on May 10, 1983, the Commission voted to extend plaintiffs' excavation permit (No. 75-185) for an additional three years (ROR Items 4rr, 4ss, 4tt); and then extended it again in 1986 for an additional two years. (ROR Items 4ww, 4xx).
There is nothing in the record to indicate that performance on Permit No. 80-62 (country club permit) was ever made a condition of Permit No. 75-185 (the excavation permit). It is well settled that "a party may not challenge on appeal a pre-existing condition to a special permit which it seeks to renew. . . (if it) failed to challenge it when it was imposed. . . ." Spectrum of Connecticut, Inc. v. PZC, 13 Conn. App. 159,162 (1988). Nevertheless, in this case, the permit the plaintiffs were seeking to renew had no pre-existing conditions attached to it. Although the record reveals that the defendant Commission at one time sought to cancel plaintiffs' excavation permit, the Commission's subsequent actions in extending the excavation permit necessarily imply that the permit was not in fact cancelled.
Consequently, the second reason stated by the defendant Commission for denying plaintiffs' application (that construction progress on the country club pursuant to Permit No. 80-62 was unsatisfactory) is an invalid reason for denying plaintiffs' application to extend Permit No. 75-185.
In their amended complaint and brief, plaintiffs advance the theory that they had a right to excavate on the property "as an independent nonconforming use" because previous owners had been excavating on the site since the late 1940's. A nonconforming use is one which is prohibited under the zoning regulations but is allowed by virtue of its existence at the time the regulations are adopted. Adolphson v. ZBA, 205 Conn. 703, 710 (1988). On the other hand, a special permit allows a property owner to use his property in a manner expressly permitted by the regulations. Housatonic Terminal Corp., 168 Conn. at 307. Section 3.34(H) of the regulations clearly provides that excavation is permitted by special permit in an RR-80 zone. (ROR Item 16).
Even if the plaintiffs' use of their property for excavation could be both nonconforming and permitted by special permit, the record contains insufficient evidence to support a finding that a valid nonconformity exists. In order to be considered a nonconforming use, the use must be lawful CT Page 1532 and in existence at the time the zoning regulations making the use nonconforming were enacted. Cummings v. Tripp, 204 Conn. 64,91-92 (1987). Further, section 2.15 of the regulations provides that a nonconforming use shall be deemed to be abandoned permanently if the use has been discontinued for twelve consecutive months or a total of eighteen months over a three-year period. The record contains no evidence of: when the regulations making excavation "nonconforming" were enacted; whether the plaintiffs' property was so used at that time; and whether that use has been continued without interruption. The record does not support a finding that a valid nonconforming use exists.
The plaintiffs seek, inter alia, an order reversing the Commission's decision and a renewal of their permit. When, as a matter of law, there is but a single conclusion which the zoning authority could reasonably reach, the court may direct the zoning authority to do or to refrain from doing what that conclusion legally requires. Thorne v. ZC, 178 Conn. 198, 206
(1979) (citations omitted).
 In the absence of such circumstances, however, `the court upon concluding that the action taken by the (zoning authority) was illegal, arbitrary or in abuse of its discretion should go no further than to sustain the appeal taken from its action.'
Id. (citations omitted; see also Frito-Lay, Inc.,206 Conn. at 575). Sustaining the plaintiffs' appeal has the effect of reversing the Commission's decision; Bogue v. ZBA, 165 Conn. 749,755 (1974); but does not have the effect of granting to the plaintiffs the permit requested from the Commission unless the court specifically directs the Commission to grant the permit. See Id. at 756.
It has already been established that the record does not support the reasons stated by the Commission for its denial of the permit. However, there is also insufficient evidence in the record to support a conclusion that the plaintiff has satisfied all of the requirements set forth in section 5.4-5 of the regulations concerning special permits for excavation; nor is there sufficient evidence to support a finding that the plaintiffs have not exceeded the 38,000 cubic yard limit of their permit. Consequently, the Court cannot determine that, as a matter of law, the plaintiffs are entitled to a renewal of their special permit.
The plaintiffs' appeal is sustained on the grounds that the reasons stated by the Commission for its decision are CT Page 1533 not reasonably supported by the record. The Court does not direct the Commission to issue the permit renewal.
J. F. WALSH, J.