[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is appealing the decision of the defendant zoning board of appeals (Z.B.A.) which granted a variance to plaintiff's neighbor to erect a shed within the ten foot side yard setback established by the Branford Zoning Regulations. The properties of the plaintiff and the applicants for the variance, CT Page 4912 Mathew and Linda Reed, are located in an R-2 zone which is zoned primarily for residential use.
In the first of the two count complaint, the plaintiff alleges the Reeds failed to "meet their burden of proof, as required by CGS Section 8-6" by failing to show an unique hardship beyond their control. In his second count, the plaintiff avers the Z.B.A. acted "erroneously" in granting the variance in one or more of the following ways:
a. The applicants did not show hardship.
b. The shed could have been placed elsewhere eliminating the hardship.
c. There was no evidence of exceptional or unusual hardship.
d. There was evidence the hardship was self-created.
e. The hardship was not unique.
f. The board lacked authority to grant the variance because the Reeds chose the location or the shed's placement.
g. There was neither competent nor complete evidence presented regarding septic system(s) on the property.
h. The Z.B.A. failed to articulate the hardship in the transcript of its decision.
While not specified in the second count, the court construes the claim that the defendant Z.B.A.'s granting of the variance was "erroneous" to mean it was illegal, arbitrary and an abuse of its discretion.
Review of a decision of a planning and zoning agency exists only under statutory authority. Hall v. Planning Commission,181 Conn. 442, 443 (1980). "The right to appeal is purely statutory and is accorded only if the conditions fixed by the statutes are met." Fidelity Trust Co v. Lamb, 164 Conn. 126, 134 (1972). Under Conn. Gen. Stat. 8-8(1) any person who owns land which abuts or is within a radius of 100 feet of land involved in a decision of the planning and zoning commission, or any person aggrieved by such a decision, may take an appeal of the decision CT Page 4913 to the Superior Court. Abutting landowners need not "prove aggrievement independent of their status as owners of property bearing the necessary relation to property involved in the board's action." Smith v. Planning Zoning Board, 3 Conn. App. 550,553 (1985). This court finds that the plaintiff's status as an abutting landowner satisfies the requirements of aggrievement.
Generally speaking, our appellate courts' decisions support the premise that the reviewing court should afford liberal discretion to the board in its conclusions and limit itself to the determination of whether the board's decision was unreasonable, arbitrary or illegal. Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152 (1988). Further, courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it acted fairly or with proper motives or upon valid reasons. (citations omitted). Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654,427 A.2d 1346 (1980). Since the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency; Feinson v. Conservation Commission,180 Conn. 421, 425, 429 A.2d 910 (1980); the court must determine the correctness of the conclusions from the record on which they are based. Housatonic Terminal Corporation v. Planning Zoning Board, 168 Conn. 304, 306, 362 A.2d 1375 (1975)." Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 49-50, 484 A.2d 483
(1984). (Internal quotation marks omitted). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Burnham v. Planning Zoning Commission, 189 Conn. 261,265, 455 A.2d 339 (1983).
In granting the variance sought by the defendants Mathew and Linda Reed, the stated reasons were "because of the lot" and the septic system(s). As each of these reasons is rather general, the court has examined the transcript of the public hearing and the exhibits to ascertain what the stated reasons for the variance mean vis-a-vis the evidence presented to the board. CT Page 4914
The plot plan of the Reed property (Exh. k) shows the lot consists of 4,000 square feet with a frame house thereon. Its dimensions are basically 40' x 100' with the 40' being the roadfront and the rear dimension. The side yard set back requirements for a shed in an R-2 zone is 10 feet. Given the lot size and location and dimensions of the house thereon, the parcel is a prior nonconforming lot. The proposed shed's dimensions are 6' x 10' with a length of 7 to 8 feet. Because of an existing property line fence against which the proposed shed would stand, only the roof would be visible from the plaintiff's property, and then only from the second story. (Trans. 10).
Also unrefuted was the testimony at the public hearing by the defendant Linda Reed that the property is serviced by a subsurface septic system and also there is an old septic system located somewhere to the rear of the dwelling. The testimony by Mrs. Reed was that the regulations of the East Shore District Health Department prohibit the placement of buildings over the old or existing septic systems. (Trans. p. 4).
Clearly the transcript and exhibits in this case support the reasons stated for granting the variance. The fact that this is a prior non-conforming lot, the configuration of the lot, the location of septic systems makes conformance with the regulations impossible. The court finds that these were not self created hardships and that they are unique. See Archambault v. Wadlow,25 Conn. App. 275, 594 A.2d 1015 (1991).
Accordingly, the appeal is dismissed.
Richard J. Stanley, Judge