[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, James M. Lambert and Cathy K. Lambert have appealed the action of the defendant, New Milford Zoning Commission granting a special permit and site plan approval in order to construct a driveway between the home of the plaintiffs and the defendants Louis M. Heaton and Michelle M. Heaton. The plaintiffs own property adjacent to the applicants and therefore are aggrieved. Conn. Gen. Stat. § 8-8(1).
On October 7, 1993 Louis Heaton and Michelle Heaton submitted an application to the New Milford Zoning Commission ("Commission") seeking a special permit to construct a driveway and a parking area on premises located at 14 Whittlesey Avenue in the Village Center Zone pursuant to the provisions of Article IV of the zoning regulations. (Record #1).
On November 9, 1993 the Commission held a public hearing on the Heaton application. Notice of the public hearing was published in The New Milford Times on October 28, 1993 and November 4, 1993. (Record #2 and #3). The hearing on the Heaton application was continued to November 23. [23,] 1993 (Record #25) and to December 21, 1993 (Record #27) at which time the public hearing was closed. At its meeting of January 11, 1994 the Commission voted to grant the Heaton application. (Record #16) Notice of the decision of the Commission was published in The New Milford Times on January 20, 1994. (Record #4) On February 1, 1994 the plaintiffs appealed the decision of the Commission to the court.
The authority of a local Commission to permit certain uses of land by special permit is authorized by that portion of § 8-2 of the General Statutes which provides, in part, as follows:
 All regulations shall be uniform for each class or kind of buildings, structures or use of land throughout each district, but the regulations in one district may differ from those in another district, and may provide that certain classes or CT Page 10580 kinds of buildings, structures or uses of land are permitted only after obtaining a special permit or a special exception from a . . . zoning commission . . . subject to standards set forth in the regulations and to conditions necessary to protect the public health, safety, convenience and property values.
The terms "special permit" and "special exception" as used in § 8-2 of the General Statutes, have the same meaning and are used interchangeably. Summ v. ZoningCommission, 150 Conn. 79.
A special permit allows a property owner to use his property in a manner expressly permitted by the local regulations. The proposed use, however, must satisfy standards set forth in the zoning regulations themselves, as well as conditions necessary to protect the public health, safety, convenience and property values. Acting in this administrative capacity, the commission's function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied. Housatonic Terminal Corp. v.Planning Zoning Board of Milford, 168 Conn. 304, 307.
The courts have permitted lay members of commissions to rely on their personal knowledge concerning matters readily within their competence, such as traffic congestion, street safety and local property values.Feinson v. Town of Newtown, 180 Conn. 421, 427.
This case involves an appeal by James M. Lambert and Cathy K. Lambert ("Lambert") from a decision of the Commission to grant the special permit application of Heaton to construct a driveway and parking area on premises located at 14 Whittlesey Avenue in the town of New Milford all as more fully shown on a site plan dated October 14, 1992 as revised to December 17, 1993. (Record #36)
The premises at 14 Whittlesey Avenue is located in the Village Center Zone and all uses of land within that zone are permitted only upon the acquisition of a special permit and site plan approval by the Commission pursuant CT Page 10581 to the provisions of Article III A. and Article IV of the zoning regulations. (Record #35) The purpose of the Village Center Zone is set forth in Section I of Article IV as follows:
 For the purpose of safeguarding the heritage of the Town of New Milford, by preserving a district which reflects elements of its cultural, social, economic, political and architectural history and the stabilizing and improving of property values, the fostering of civic beauty, the strengthening of the local economy, controlling the flow of traffic and promoting the health, safety and welfare of the town's people, by assuring orderly and integrated development; the following zone is established.
Section V d. of Article IV of the regulations provides as follows:
 For the purposes of this section, the word `structure' shall include stone walls, fences, steps, signs, walks, lights, driveways and paving of any kind, whether the same be gravel, stone or asphalt.
The standards which the Commission is required to apply in processing an application for a special permit in the Village Center Zone, in addition to those set forth in Article III A., Section 7 of the zoning regulations, are set forth in sections 7 of Article VI among which are the following:
 a. The size and intensity of such use and its effect on the Comprehensive Plan of Development.
 b. The capacity of adjacent and feeder streets to handle peak traffic loads and hazards created by the use.
 d. The overall effect on values and utilization of neighborhood properties.
 f. The extent, nature and arrangement of parking facilities, entrances and exits. CT Page 10582
 h. The preservation of the character of the neighborhood.
The residence located at 14 Whittlesey Avenue is a two-family structure which is owned by the Heatons. At the present time, the Heatons and their tenants on the second floor must share two on site parking spaces both of which are located within the front yard. All other parking needs of the Heatons and their tenants must be satisfied by on street parking i.e. Whittlesey Avenue and nearby public streets of the town of New Milford when the same are available.
Residential structures located within the Village Center Zone consist primarily of single-family and two-family structures many of which were built before the turn of the century. The house lots in this zone tend to be about the size of the Heaton lot i.e. 6,296 square feet or 0.159 acres. When these homes were built little or no provisions was made for driveways and/or on site parking.
Prior to the adoption of zoning in the town of New Milford, i.e. December 1971 (Record #35) provision had been made by many of the homeowners on Whittlesey Avenue for driveways and on site parking. No provision had been made for the Heaton property because none of the prior owners owned an automobile. The Heatons and their tenants do own automobiles which they wish to park on site at the rear of 14 Whittlesey Avenue.
At the public hearing of December 21, 1993 (Record Heaton reviewed in great detail the construction sequence plan which had initially been presented to the Commission at the hearing of November 9, 1993. (Record All of the detailed information set forth therein has been incorporated into and made a part of the site plan submitted to the Commission. (Record #36) The site plan has been reviewed by Frank Rybak, the building inspector for the Town of New Milford, and approved by him as being in compliance with the State Building Code. (Record #13)
The Commission conducted public hearings on the Heaton application over a span of three evenings, i.e. CT Page 10583 November 9, 1993 (Record #24), November 23, 1993 (Record and December 21, 1993 (Record #27). Transcripts of those hearings consisting of a total of 110 pages have been returned as part of the record of the proceedings before the Commission.
The Commission, after a motion duly made and seconded "approved special permit #30-93 and the accompanying site plan for Louis and Michelle Heaton to permit a driveway located at 14 Whittlesey Avenue in the Village Center Zone with the following stipulations:"
 1. No parking shall be allowed on the northeast side of the house. This area shall be grassed.
2. Parking is to be for residential use only.
 3. Three (3) steel delineators shall be evenly spaced along the property line opposite the bay window.
(Record #16).
In passing on a special exception the Commission is acting in its administrative capacity determining if the proposal satisfies the conditions and the regulations permitted the exception; Farina v. Zoning Board ofAppeals, 157 Conn. 420, 422; and the "conditions necessary to protect the public health, safety, convenience and property values." General Statutes § 8-2. Essentially, the board must decide whether the standards in the regulations and the statute are satisfied.A.P. W. Holding Corp. v. Planning Zoning Board,167 Conn. 182, 185.
The court's inquiry focuses on whether the Board's reasons are reasonably supported by the record and were pertinent considerations the Board was required to apply.Housatonic Terminal Corp. v. Planning Zoning Board,168 Conn. 304, 305-7. In this regard it is axiomatic that the court will not substitute its judgment for that of the zoning authority. Zieky v. Town Plan ZoningCommission, 151 Conn. 265-267; Housatonic Terminal Corp.v. Planning Zoning Board, supra; and will not override the authority unless there is a clear and definite breach CT Page 10584 of duty. Leury v. Zoning Board, 150 Conn. 136, 146; See also Goldberg v. Zoning Commission, 173 Conn. 23, 25-7. Because local authorities are close to the local circumstances and conditions, the zoning authority is given a wide discretion in determining the public need and the means of meeting it. Lurie v. Planning Zoning, 160 Conn. 295, 312; Zieky v. Town Plan ZoningCommission. supra. Where there is a conflict in the testimony before the agency, the court will not substitute its opinions for that of the fact finder.Howath v. Zoning Board of Appeals, 163 Conn. 609. Moreover, the decision must be sustained if even one of the reasons given by the agency is sufficient to support its decision. Goldberg v. Zoning Commission, supra 26.
The record in this case amply documents and supports the decision of the Commission. Based upon the evidence introduced at the public hearings and the documents submitted to the Commission as exhibits, the Commission determined that the standards set forth in the regulations for the grant of this special permit application have been satisfied. The Commission, composed of laymen, was certainly entitled to rely upon its professional staff to highlight any problems of a technical nature. The absence of comment in the record very likely is indicative of the absence of an issue with respect to any particular time. The court, on appeal, may not substitute its discretion for that of the commission and based upon the record in this case find as facts that which the commission did not find.
Before the present application on August 20, 1992, the Heatons submitted an application to the Commission seeking a special permit to construct a driveway and a parking area on premises located at 14 Whittlesey Avenue in the Village Center Zone pursuant to the provisions of Article IV of the zoning regulations. (Record #38)
Following a public hearing, the applications as denied by the Commission on November 10, 1992 "due to the fact the drainage was not adequately addressed, the narrowness of the proposed driveway, the close proximity to the neighbor's residence and as it does not conform to the intent of the Village Center Zone." (Record #52) CT Page 10585
The concerns of the Commission regarding the stability of a proposed retaining wall in the first application were adequately addressed and resolved in the second application. The building inspector for the Town of New Milford advised the Commission that he has (1) reviewed the plans prepared by Heatons' professional engineer for the proposed retaining wall and has (2) determined that the plans are in compliance with the State Building Code. (Record #13)
In addition to the above, the applicants agreed to place three steel delineators along the proposed driveway to protect adjoining property.
"A zoning board has the power to consider a second application for a special exception involving the same subject matter when the applicant files a subsequent plan which has been substantially changed to address the objections raised by the board in denying the original application. Rocchi v. Zoning Board of Appeals,157 Conn. 106, 111, 248 A.2d 922 (1968); Mitchell LandCompany v. Planning and Zoning Board of Appeals,140 Conn. 527, 534-35, 120 A.2d 316 (1953)." Shippee v. OldLyme Zoning Board of Appeals, 39 Conn. Sup. 436, 438,466 A.2d 328, 330 (1983).
In paragraph 8 of their complaint the plaintiffs allege that the decision of the Commission approving the application was illegal, arbitrary and in abuse of the discretion vested in the Commission.
A use of land which the zoning regulations specifically permits upon the acquisition of a special permit and site plan approval by the commission cannot be found to be incompatible with the zoning regulations. In granting the Heaton application the Commission determined, upon the basis of the evidence submitted to it and its own personal knowledge of the site in question, that it satisfies all the standards set forth in the regulations and is therefore in compliance with those regulations.
The courts have permitted lay members of commissions to rely on their personal knowledge concerning matters readily within their competence, such as traffic CT Page 10586 congestion, street safety and local property values.Feinson v. Town of Newtown, 180 Conn. at 427.
Based upon the evidence submitted to it and its own personal knowledge of the site in question, the Commission determined that its granting of a special permit, subject to several conditions, and site plan approval to permit the Heatons to construct a driveway and parking area to serve the two-family house located at 14 Whittlesey Avenue would not significantly diminish the value of the Lamberts' home. Most of the homes on Whittlesey Avenue already have similar driveways. (Records #24, and Record #54.)
The Commission found that there is no evidence in the record of this case that the Heaton driveway cannot be adequately maintained in the winter nor that the construction of a driveway, the use of which by large trucks, equipment or careless drivers will damage the Lamberts' house and property due to the narrowness of the proposed driveway location. There is no minimum prescribed width in the zoning regulations for a driveway and that the Commission is satisfied, on the basis of all of the evidence submitted to it, that a driveway having a width of 7.7 feet is adequate to accommodate the use envisioned by the Heatons to service the needs of their home. (Record #24)
This case involves an appeal from the decision of the New Milford Zoning Commission wherein the Commission has determined on the basis of the evidence presented to it at the public hearings, that the applicant has satisfied the standards for the granting of the requested special permit as set forth in Article II A. and Article IV of the zoning regulations. The vote of the Commission is supported by the evidence presented to it as set forth in the record returned to court.
The Commission did not act illegally, arbitrarily or in abuse of the discretion vested in it in determining that the Heaton application for a special permit satisfied the standards set forth in its regulations and accordingly the appeal of the plaintiffs is dismissed.
PICKETT, J. CT Page 10587