MICHAEL J. PETRUZZI ET AL. *v.* ZONING BOARD
OF APPEALS OF THE TOWN OF OXFORD

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, JS.

Argued November 9, 1978—decision released January 16, 1979

*Frederick W. Krug,* for the appellants (plaintiffs).
*Robert J. Uskevich,* for the appellee (defendant).

Bogdanski, J. On and before April 1, 1948, the property which is the subject of this appeal consisted of a lot 11,200 square feet in area with a frontage on a state road of 105 feet, and had located on it a one-story wooden frame building. This building was used as a church continuously up to 1975.

On April 1, 1948, the town of Oxford adopted its first zoning ordinance, which placed the subject property in residence district A. The use of the building as a church was and is a permitted use in residence district A, as is the use of the structure as a one-family detached residence. The effect of the 1948 ordinance was also to impose setback requirements, which the building did not meet. Later zoning enactments imposed additional area and frontage requirements which the property also could not meet. As a result, although neither the lot nor the building has changed in size or shape since 1948, the enactment of increasingly restrictive zoning ordinances has rendered both lot and building nonconforming.

In February of 1976, the plaintiffs purchased the subject property. In July of that year, they applied for a building permit in order to convert the building to a house for use as a single-family detached residence, a use permitted in residence district A. The building official of the town denied the application on the grounds that the property did not comply with the present area, setback and frontage requirements in article 5, §§ 4 and 5, of the zoning regulations.[1]

---

[1] Article 5 of the Oxford zoning regulations provides, in part: "Section 4. . . . Each lot shall have a minimum land area of one and one-half acres . . . . Each lot shall also have a frontage of 175 feet or more on a public street.

"Section 5. Setbacks. No building . . . shall extend within 30 feet of the . . . taking line of any State highway."

Thereafter the zoning board of appeals on December 21, 1976, denied the plaintiffs' appeal on the ground that there was no evidence of any hardship to the plaintiffs since they knew the physical characteristics of the lot when they bought it. In effect, the zoning board found that the plaintiffs had created their own hardship and concluded that they should therefore not be granted relief. On appeal to the Court of Common Pleas, the court affirmed the board's decision adding that the proposed use was in violation of article 2, § 5, of the Oxford zoning regulations, which provides that one nonconforming use may not be substituted for another. Upon the granting of their petition for certification, the plaintiffs appealed to this court.

We note at the outset that the zoning board in its pleadings has admitted that the effect of the 1948 ordinance was to place the subject property within residence district A, and that the use of a structure as a one-family detached residence is the use permitted within such district. We note further that under the applicable provisions of the zoning regulations, the use of a building as a church is also a permitted use within such district. We further observe that there is nothing in Oxford's zoning regulations which prohibits a change from one permitted use to another permitted use, with respect to a building or lot having a condition of legal nonconformity.[2] *Singh Sukthankar* v. *Hearing Board of Radnor Township,* 2 Pa. Commw. Ct. 489, 280 A.2d 467 (1971).

---

[2] "It is recognized that the distinction between a nonconforming building or structure and a nonconforming use of land is genuine and may be critical." 1 Anderson, American Law of Zoning (2d Ed.) § 6.01, p. 355.

In light of the above, we conclude that article 2, § 5, of the zoning regulations, relied on by the trial court, has no applicability to the situation in this case and that the trial court erred in denying the plaintiffs' appeal on that basis.

The Oxford zoning regulations provide that no building shall be altered except in conformity with article 2, § 11, and that no building shall be altered until a certificate of occupancy has been issued stating that the building conforms to the provisions of the zoning regulations as provided in article 2, § 12. The plaintiffs, therefore, were required to obtain a building permit in order to convert the existing frame building into a residence. In determining whether to issue the building permit, the building official was required to decide whether the proposed use was in conformity with the applicable regulations. In this case, since the proposed use was a permitted use, the only issue before the building official was whether the lot and building met the requirements of the zoning regulations.

Article 2, § 2, provides: "Any building . . . or use legally existing at the time of [the] promulgation of these Regulations may be continued, even though such building . . . or use does not conform to the requirements of these Regulations." Article 2, § 12, further provides: "Nothing in this Regulation shall require the removal, alteration or abandonment of, nor prevent the continuance of the use and occupancy of, a building lawfully existing on the date of the adoption of this Regulation, except as may be *necessary for the safety of life or property.*" (Emphasis added.)

The lot and building in question antedate the enactment of zoning in Oxford, and since neither

the lot nor the building has changed in size or shape since before the enactment of zoning, they are entitled to the protections afforded by those sections of the regulations. Thus protected, the lot and building are *legally existing nonconformities,* and as to them the present provisions in article 5, §§ 4 and 5, as to lot size and setback requirements are of no force or effect.

It is well settled that "[t]he language of the ordinance must be given a construction which is reasonable under all the circumstances." *Planning & Zoning Commission* v. *Synanon Foundation, Inc.,* 153 Conn. 305, 309, 216 A.2d 442 (1966). Article 2 and its provisions must be read together with article 5 to avoid self-contradiction and confusion. When that is done, the lot and building, as legally existing nonconformities, do, in fact, meet the requirements of the zoning regulations.

Moreover, the General Statutes also expressly provide that preexisting nonconforming lots and buildings are entitled to protection from restrictive zoning. Section 8-2 of the General Statutes provides in pertinent part: "Such regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations."

Where a nonconformity exists, it is a vested right which adheres to the land itself. "And the right is not forfeited by a purchaser who takes with knowledge of the regulations which are inconsistent with the existing use." 1 Anderson, American Law of Zoning (2d Ed.) § 6.37, p. 445. "A vested right, unless abandoned, to continue the nonconforming use is in the land . . . . [T]he right to a noncon-

forming use is a property right and . . . any provision of a statute or ordinance which takes away that right in an unreasonable manner, or in a manner not grounded on the public welfare, is invalid. A lawfully established nonconforming use is a vested right and is entitled to constitutional protection." 2 Yokley, Zoning Law & Practice, § 16-3, p. 219.

"Zoning is concerned with the use of specific existing buildings and lots, and not primarily with their ownership." *Abbadessa* v. *Board of Zoning Appeals,* 134 Conn. 28, 32, 54 A.2d 675 (1947). That such rights are vested and may be passed on to others in no way contradicts the recognized goal of eliminating nonconformities as quickly as possible, since that policy must be carried out within the limits of permissible governmental action.

Because a nonconforming lot and building have a vested right in continued existence, a purchaser who seeks to use such lot and building for a permitted use cannot be said to be seeking relief from hardship brought upon himself by virtue of his purchase. His right to use the lot and building for a permitted use is protected by law. *Schultz* v. *Zoning Board of Appeals,* 144 Conn. 332, 130 A.2d 789 (1957). Here, the plaintiffs seek nothing more than to alter the interior of an existing nonconforming building for a permitted use. In the absence of a finding that the plaintiffs' proposed use of the building would endanger life or property, as set forth in article 2, § 12, of the zoning regulations, there is nothing in the Oxford regulations or the General Statutes to support the defendant's refusal to issue the building permit. The record reveals that no such finding was made either by the building official or the board.

We conclude that the trial court erred in sustaining the denial of the plaintiffs' application for a building permit.

There is error, the judgment is set aside and the case remanded with direction to render judgment sustaining the appeal and directing the defendant board to order the issuance of a building permit.

In this opinion the other judges concurred.