SEASIDE PROPERTIES ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF FAIRFIELD ET AL.
(5940)

DUPONT, C. J., BORDEN and FOTI, Js.

Argued March 1—decision released June 14, 1988

*Roy H. Ervin,* town attorney, with whom was *Roy
H. Ervin, Jr.,* for the appellant (defendant).

*James A. Miller, Jr.,* with whom was *Charles A. B.
Moore,* for the appellees (plaintiffs).

BORDEN, J. The named defendant[1] appeals from the
judgment of the trial court sustaining the plaintiffs'

---

[1] The owners of property within one hundred feet of the subject proper-
ties intervened as defendants in the trial court. They have not appealed
to this court.

challenge to the issuance of a cease and desist order limiting the use of their premises. The issue before us is whether year-round use of nonconforming summer cottages is prohibited by § 2.5.3 of the zoning regulations of the town of Fairfield.[2] We hold that it is not, and we find no error.

The facts are not in dispute. The plaintiffs own three separate properties located on Long Island Sound in Fairfield. The cottages situated on the respective properties have always been used as single family dwellings, a permitted use under the town's zoning regulations. The enactment of those zoning regulations, however, rendered the lot and the cottages which then existed on the properties nonconforming because of the lot size and setback requirements. At the time they became nonconforming, the cottages were used during the summer months and were inadequate for year-round occupancy.

The plaintiffs purchased the properties in 1985 and utilized the houses thereon as single family dwellings on a year-round basis. The Fairfield zoning regulations do not distinguish between seasonal dwellings and year-round dwellings.

In 1986, the town's zoning enforcement officer issued cease and desist orders to the plaintiffs, based on a violation of § 2.5.3 of the regulations. The plaintiffs appealed to the named defendant, which upheld the orders of the zoning enforcement officer. The plaintiffs appealed to the Superior Court. The court sustained the plaintiffs' appeal. We granted certification for appeal to this court.

---

[2] Section 2.5.3 of the zoning regulations of the town of Fairfield provides: "No nonconforming use of land, buildings and other structures shall be changed to another use unless such new use is substantially the same in nature and purpose as the original nonconforming use or is a conforming use."

We conclude that *Petruzzi* v. *Zoning Board of Appeals,* 176 Conn. 479, 408 A.2d 243 (1979), controls this case. In *Petruzzi,* the plaintiff proposed to change a structure used as a church to a single family detached residence, both permitted uses under the zoning regulations of the town of Oxford. The lot on which the church existed, however, did not comply with the area, setback and frontage requirements of the town's zoning regulations. The trial court concluded that "the proposed use was in violation of article 2, § 5, of the Oxford zoning regulations, which provides that one nonconforming use may not be substituted for another." Id., 481. Our Supreme Court, " 'recogniz[ing] that the distinction between a nonconforming building or structure and a nonconforming use of land is genuine and may be critical' "; id., 481 n.2, quoting 1 R. Anderson, American Law of Zoning (2d Ed.) § 6.01, p. 355; concluded that because the change in use was from one permitted use to another permitted use, and because "there [was] nothing in Oxford's zoning regulations which prohibit[ed] a change from one permitted use to another permitted use, with respect to a building or lot having a condition of legal nonconformity"; id., 481; article 2, § 5 of the zoning regulations had no applicability to the situation. Id., 482.[3]

In the present case, the change was only in the nature of the permitted use of a nonconforming building; as in *Petruzzi,* no nonconforming use of the land is involved. As in *Petruzzi,* furthermore, there is nothing in Fairfield's

[3] We note that our Supreme Court has not yet had an opportunity to revisit this conclusion of *Petruzzi* v. *Zoning Board of Appeals,* supra, in another case. At least one commentator has read *Petruzzi* broadly, concluding that "if the new activities are permissible under the applicable zoning regulations, the *Petruzzi* decision implies that they must be permitted, even if the structure continues to violate area and bulk regulations." T. Tondro, Connecticut Land Use Regulation (1983 Supp.), p. 32. We agree that the rule laid down in *Petruzzi* does not suggest any limitations which would prevent its application to the present case.

regulations "which prohibits a change from one permitted use [of a building] to another permitted use, with respect to a building or lot having a condition of legal nonconformity." Id., 481. Indeed, § 2.5.3 of the Fairfield regulations specifically permits a "nonconforming use of land, buildings and other structures [to] be changed to another use [if] such new use . . . is a conforming use." See footnote 2, supra. As in *Petruzzi*, the nonconforming building here was not changed in any way; only the use of the building has been altered from one permitted use to another permitted use. See *Singh Sukthankar* v. *Hearing Board of Radnor Township*, 2 Pa. Commw. 489, 280 A.2d 467 (1971), cited with approval in *Petruzzi* v. *Zoning Board of Appeals*, supra, 481. Under these circumstances, we conclude that Petruzzi controls, and that § 2.5.3 of the Fairfield zoning regulations does not prohibit a change from seasonal to year-round use of the plaintiff's houses.

Those cases holding that a change from the seasonal use of a structure to its year-round use is prohibited by applicable local zoning regulations; see *Cummings* v. *Tripp*, 204 Conn. 67, 527 A.2d 1230 (1987); *Weyls* v. *Zoning Board of Appeals*, 161 Conn. 516, 290 A.2d 350 (1971); *Beerwort* v. *Zoning Board of Appeals*, 144 Conn. 731, 137 A.2d 756 (1958); are not inconsistent with the decision we reach in this case. Those cases are distinguishable from the present case because each involved a nonconforming use of land, while this case involves a permitted use of land with respect to a building or lot having a condition of nonconformity. *Petruzzi* v. *Zoning Board of Appeals*, supra, recognizes that this distinction is genuine. In the present case, it is critical. See id., 481 n.2; 1 R. Anderson, American Law of Zoning (3d Ed.) § 6.01, p. 448.

There is no error.

In this opinion the other judges concurred.