[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Steven Levine, Trustee ("Levine") appeals from a decision of the Town Plan and Zoning Commission for the town of Fairfield (hereinafter "Commission") denying Levine's application for a special permit use an enclosed area located at the front his business as an outdoor patio to serve customers.
FACTS CT Page 7607
Levine is the owner of premises known as the Seagrape Cafe located at 1144-1148 Reef Road, Fairfield, Connecticut. Levine also owns the adjacent property at 1160 Reef Road, on which he operates a motel. The Seagrape Cafe is located in a Neighborhood Designed Business District created pursuant to 12.5 et seq. of the Zoning Regulations of the Town of Fairfield, Connecticut. ("Fairfield Zoning Regulations"). A special permit is required to use premises in a Neighborhood Designed Business District for, inter alia, the sale of alcoholic beverages. See 12.5.1 Fairfield Zoning Regulations.
On July 19, 1990, Levine filed an application with the Commission for a special permit to expand the use at the Seagrape Cafe to include an outdoor patio area of 140 square feet designed to accommodate ten noncounter seats. The Commission initially denied the application on August 14, 1990 without conducting a public hearing. Levine appealed from this denial. On November 1, 1991, the Superior Court (Joseph Gormley, J.) ruled that the Commission was without jurisdiction to render a decision on Levine's application without conducting a public hearing and remanded the matter to the Commission to conduct a hearing. Levine v. Town Plan and Zoning Commission of the Town of Fairfield, Docket No. 274902 Superior Court Judicial District of Fairfield.
On January 2, 1992, a public hearing was conducted on Levine's application. At the hearing, the Commission heard from counsel for Levine as well as from persons who resided in the vicinity of the Seagrape Cafe. Further discussion regarding certain specific evidence presented to the Commission at the public hearing is discussed below.
On January 28, 1992 the Commission unanimously denied Levine's application for a special permit. The Commission stated the following three reasons for its decision:
 1. The existing structure is non-conforming with regard to street line setback. The proposed use will extend into the non-conforming setback area thereby increasing the non-conformity. This is not consistent with 2.6 and 2.8.1.1 of the Zoning Regulations.
2. Section 28.2 of the Fairfield Zoning Regulations CT Page 7608 requires that off-street parking spaces shall be permanently maintained and made available for occupancy in connection with the use which such spaces are required. The additional parking proposed to compensate for the outdoor seating is temporary and currently used to support the adjacent motel use. The use of these spaces is inconsistent with the zoning regulations as described above. Therefore the expansion of the patron area lacks the required number of spaces.
 3. The proposed outdoor searing is inconsistent with 25.7.7 in that the proposed use is not of such character as to harmonize with the neighborhood, it does not accomplish a transition in character between areas of unlike character, it does not protect property values in the neighborhood, it does not preserve and enhance the appearance and beauty of the community and does not avoid undue traffic congestion.
Levine filed a timely appeal brought pursuant to 8.8(b) of the Connecticut General Statutes. A hearing was conducted on June 16, 1993. At the hearing, the court heard testimony from Steven Levine and argument from counsel for Levine and the Commission.
DISCUSSION
AGGRIEVEMENT
Levine testified that he owned the property that was the subject of the special permit application. In addition, he introduced certified copies of two warranty deeds recorded on the land records of the Town of Fairfield establishing his ownership. This evidence was not contested by the Commission. The court finds that Levine is the owner of the subject property and was aggrieved by the Commission's decision. See Bossert v. Norwalk, 157 Conn. 279, 285 (1968) (owner of property that forms subject matter of the application to agency is always aggrieved); Rogers v. Zoning Board of Appeals, 154 Conn. 484,488 (1967) (same). The court further finds that Levine is an "aggrieved person" within the meaning of 8.8(a)(1) of the Connecticut General Statutes. CT Page 7609
STANDARD OF REVIEW
When acting on an application for a special permit, a zoning commission acts in an administrative capacity. Sheridan v. Planning Board, 159 Conn. 1, 16 (1969), Maher v. Town Planning and Zoning Commission, 154 Conn. 420, 422, (1967); A.P.W. Holding Corporation v. Planning and Zoning Board,167 Conn. 182, 186 (1974). The zoning regulations must contain standards for the issuance of special permits, and where those standards exist, the commission must adhere to them and cannot deny an application which conforms to the criteria in the regulations. DeMaria v. Planning and Zoning Commission,159 Conn. 534, 540-41 (1970).
Where, as here, an administrative agency denies an application and gives reasons for its action, the question on appeal is whether the evidence in the record reasonably supports the agency's action, and the court cannot substitute its judgment as to the weight of the evidence for that of the agency. Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. 304, 306 (1975); Horvath v. Zoning Board of Appeals, 163 Conn. 609 (1972). Where a special permit is denied, it is sufficient if any one of the reasons given supports the agency's action. Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. at 305-306; Frito-Lay Inc., v. Planning and Zoning Commission, 206 Conn. 554, 576
(1988). Daughters of St. Paul Inc. v. Zoning Board of Appeals,17 Conn. App. 53, 57, (1988); Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 50 (1984).
The plaintiff has the burden of showing that the commission acted improperly. Baron v. Planning and Zoning Commission,22 Conn. App. 255, 257 (1990). The trial court can sustain the plaintiff's appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or an abuse of its discretion. Schwartz v. Planning and Zoning Commission,208 Conn. 146, 152 (1988); McCrann v. Town Planning and Zoning Commission, 161 Conn. 65, 70-71 (1971). Furthermore, the trial court must not substitute its judgment for that of the zoning commission as long as honest judgment has been reasonably and fairly exercised. Whittaker v. Zoning Board of Appeals,179 Conn. 650, 654 (1980); Dimopoulos v. Planning and Zoning Commission, 31 Conn. App. 380, 338 (1993).
REASONS FOR DENIAL CT Page 7610
The Commission provided three reasons for its denial of Levine's application. The adequacy of each reason will be reviewed based upon the above described standards.
Setback
The first reason advanced by the Commission reads as follows:
 "The existing structure is non-conforming with regard to street line setback. The proposed use will extend into the non-conforming setback area thereby increasing the non-conformity. This is not consistent with 2.6 and 2.8.1.1 of the Zoning Regulations."
Section 2.6 of the Fairfield Zoning Regulations provides, in pertinent part, that:
 "No lot or land shall be subdivided, sold, encumbered or transferred so as to make a lot nonconforming, or more nonconforming, to make any use, building or other structure nonconforming or more nonconforming, to reduce any setback . . . to less than is required by the Zoning Regulations or to make any nonconforming setback . . . more nonconforming."
Section 2.8.1.1 of the Fairfield Zoning Regulations provides that:
 "No nonconforming use of land, building or any other structure:
 Shall be enlarged or extended to include any other building, land or other structure, or part thereof, which is not subject to such nonconformity."
There is no dispute that Levine's proposed outdoor seating area would be located within an existing fenced in area at the front of the building. No structural changes of any kind are proposed. However, this existing fence is nonconforming as to the setback requirements in the regulations. It is also clear CT Page 7611 from the regulations that the use of the subject premises as a location to conduct a business that serves alcoholic beverages is not a nonconforming use but rather a permitted use subject to obtaining a special permit from the Commission. See 12.5.1 Fairfield Zoning Regulations.
Levine claims that his reason should be rejected because it was not raised at the public hearing. Plaintiff's Memorandum of Law at 8. The Commission correctly points out that the matter was raised at the hearing. See Record No. 40 at 24. In addition, Levine's reliance on Feinson v. Conservation Commission, 180 Conn. 421 (1980) is misplaced. Feinson requires the administrative agency to reveal publicly any special knowledge and experience it is relying on so that the party adversely affected has an opportunity for rebuttal. Id., 428-29. In this case, the setback issue was raised publicly and did not involve the use of any specialized knowledge by the Commission.
Levine also claims, more persuasively, that the proposed patio use will not increase the already nonconforming setback because no structural changes are proposed. The Commission claims the word "encumbered" in 2.6 can be construed to apply to he [the] proposed use. In other words, by proposing to use the fenced area as a patio to serve customers, the premises are begin "encumbered" so as to make the use more nonconforming thereby violating 2.6. The Commission relys on a dictionary definition of "encumber" that includes the definition "to burden" in support if its position.
In Seaside Properties v. Zoning Board of Appeals, 14 Conn. App. 638
(1988), the Appellate Court held that the expansion of use of summer cottages from seasonal to year round could not be prohibited on the ground that the cottages were nonconforming as to lot size and setback. Id., at 641. The Appellate Court's holding was supported by the Supreme Court's decision in Petruzzi v. Zoning Board of Appeals, 176 Conn. 479 (1979) (change of use from church to single family residence not prohibited by nonconforming nature of building.) Similarly, in this case the nonconforming nature of the building is not a valid basis to deny a special permit for a permitted use.
Based on the above authority, the court finds that the Commission should not have denied Levine's application on the ground of a claimed setback violation. Levine's application CT Page 7612 seeks to conduct a permitted use in an already nonconforming structure.
Parking
The second reason advanced by the Commission in support of its denial of Levine's application reads as follows:
 "Section 28.2 of the Fairfield Zoning Regulations requires that off-street parking spaces shall be permanently maintained and made available for occupancy in connection with the use which such spaces are required. The additional parking proposed to compensate for outdoor seating is temporary and currently used to support the adjacent motel use. The use of these spaces is inconsistent with the zoning regulations as described above. Therefore the expansion of the patron area lacks the required number of spaces."
The adequacy of this reason turns on the interpretation of the words "permanently maintained" as they are used in 28.2 of the Fairfield Zoning Regulations. Section 28.2, in pertintent [pertinent] part, reads as follows:
 Parking spaces and loading spaces shall be provided off the street for any use of land, buildings and other structures in accordance with these parking regulations. Off-street parking and loading spaces shall be permanently maintained and made available for the full duration of the use of land, buildings and other structures for which such spaces are herein required." (Emphasis added.)
There is no dispute that Levine's proposed outdoor patio serving area requires four additional parking spaces which, under 28.2, must be "permanently maintained" or the proposed use. As stated above, Levine is the owner of a motel on property adjacent to the Seagrape Cafe, Levine proposes to use four spaces from the motel parking lot to satisfy the parking requirements for the patio area. Fairfield Zoning Regulations permit parking on contiguous lots under the same ownership. See 28.6. At present, the motel parking lot has seventeen parking CT Page 7613 spaces to serve seven motel units creating an excess of ten spaces above the zoning regulation requirements. See 28.6.11 (one parking space required for each motel sleeping room). However, Levine has obtained approval to expand the motel from seven units to fifteen units. (T4)[1] Such expansion would require that fifteen parking spaces be allocated to the motel, reducing the surplus spaces to two. Two spaces are inadequate to support the proposed patio area at the Seagrape Cafe. See 28.6.12 (One space need for each 75 square feet of serving area.)
Levine's Statement of Use accompanying this special permit application addresses this issue as follows:
 "The use of parking in the motel site is to be temporary in a nature only in that it will be discontinued if and when said parking is to be utilized for the expansion of the motel or if the patio use is discontinued."
Levine maintains that this contingent application of the motel parking spaces is "logical, factual and consistent with the regulation." Plaintiff's Memorandum of Law at 11. The issue, however, is not whether Levine's proposal is logical or reasonable but whether the Commission's ruling that such a parking arrangement did not provide spaces that were "permanently maintained" for the outdoor patio was within its legal discretion.
General Statutes 8-3(e) authorizes a zoning commission to enforce and apply its zoning regulations. In applying regulations to the facts of a particular case a zoning board or commission is endowed with liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal. Spero v. Zoning Board of Appeal,217 Conn. 435, 440 (1991); Schwartz v. Planning and Zoning Commission, 208 Conn. 146, 152 (1988). It is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of its legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. Schwartz v. Planning and Zoning Commission, 208 Conn. at 152. On appeal, a court is to decide whether the board correctly interpreted the section and applied it with reasonable discretion to facts. Pascale v. Board of Zoning Appeals, 150 Conn. 113, CT Page 7614 116, 117 (1962). The reviewing court should review the record of the administrative proceedings to determine whether the commission or board "has acted fairly or with proper motives or upon valid reasons." Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
The parking provisions of the Fairfield Zoning Regulations are local legislative enactments whose words are to be interpreted in accordance with their natural and usual meaning. Spero v. Zoning Board of Appeals, 217 Conn. at 441. An interpretation that would torture the ordinary meaning of the words to create ambiguity is to be rejected. Id.,
The Commission's decision that Levine's parking proposal did not meet the requirements of the 28.2 was not unreasonable, arbitrary or illegal. Levines' application, in effect, relied on parking spaces that had already been committed to support the approved expansion of his motel, to simultaneously support the proposed patio area of the Seagrape Cafe, leaving to his discretion which use the spaces would be allocated to any particular time. The clear intent of the regulations is to require that parking spaces be permanently maintained to support a single use. Permitting landowners to apply the same parking spaces for multiple uses subject only to the requirement that the spaces be applied to one use at a time could create enforcement problems and introduce and undesirable element of ambiguity into the regulations. The Commission acted within its legal discretion when it ruled that Levine had failed to meet the parking requirements need to support the proposed patio.
Harmonize with Neighborhood
The third reason stated for the Commission denial of Levine's application reads as follows:
 "The proposed outdoor seating is inconsistent with 25.7.7 in that the proposed use is not of such character as to harmonize with the neighborhood, it does not accomplish a transition in character, it does not protect property values in the neighborhood, it does not preserve and enhance the appearance and beauty of the community and does not avoid undue traffic congestion."
CT Page 7615
Section 25.7.7 in pertinent part, reads as follows:
 "The Town Plan and Zoning Commission, after public hearing, shall approve an application for a Special Permit for the establishment of a special permit use it finds that the proposed use and proposed buildings and structures conform to the standards applicable in the district in which the special permit use is to be located . . . and conform to the following additional requirements: . . .
 25.7.7 the development shown on the site and Architectural Plans shall be of such a character as to harmonize with the neighborhood, to accomplish a transition in character between areas of unlike character, to protect property values in the neighborhood, to preserve and enhance the appearance and beauty of the community, and to avoid undue traffic congestion."
Levine in his brief claims that the Commission improperly denied his special permit application on this ground because (1) the standards in 25.7.7 are so vague as to be unenforceable, (2) the reasons amount to a recitation of general policy and do not contain sufficient specificity, (3) since the use is permitted, analysis of traffic, property values and general harmony is superfluous and (4) the Commission heard no evidence to support its finding that the proposed patio would not harmonize with the neighborhood. At oral argument, Levine advanced, for the first time, the claim that the special permit rules contained in the Fairfield Zoning Regulations are an invalid exercise of the town's powers contrary to the provisions of Conn. Gen. Statutes 8.2. The court finds that the Commission acted within its legal authority when it denied the application on this ground.
The Commission argues that Levine's assertion that the standards of 25.7.7. are too vague should not be considered because it was not alleged in Levine's complaint. Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 537
(1988) (the right of a plaintiff to recover is limited to the allegations of the complaint). Levine's complaint does not specifically allege that 25.7.7 is void for vagueness. It does CT Page 7616 allege however that the Commission's actions violated his rights to due process and equal protection. See Complaint at 4, 5. Even assuming that Levine's complaint is sufficient, he has failed to demonstrate that the regulation is unconstitutionally vague.
The burden showing that a regulation is unconstitutionally vague rests with the plaintiff. Russo v. East Hartford,179 Conn. 250 257 91979) cert denied, 445 U.S. 940 (1980). The plaintiff is also required to show that the regulation complained of is impermissibly vague as applied to the facts of the particular case. Bombero v. Planning and Zoning Commission, 218 Conn. 737, 743 (1991). Levine has made no attempt to demonstrate that the Fairfield regulations were vague as applied to the facts surrounding the Seagrape Cafe application. The court finds that he has failed to sustain his burden with respect to this challenge. The court further finds that the provisions of 25.7.7 are substantially similiar [similar] to the Farmington Zoning Regulations upheld against a vagueness attack in Barberino Realty and Development Corp. v. Planning and Zoning Commission, 222 Conn. 607, 618-620 (1992).
Levine's other attack on the Fairfield Zoning Regulation is that the special permit requirements are contrary to Conn. Gen. Statutes 8.2. This claim was likewise not specifically alleged in the complaint nor briefed. The first reference to this broad claim occurred at oral argument. It is highly doubtful that this claim was "distinctly" raised as required by law. Ierardi v. Commission on Human Rights and Opportunities, 15 Conn. App. 569,585 (1988).
To challenge a zoning ordinance successfully, a party must establish the invalidity of the ordinance beyond a reasonable doubt Connecticut Resources Recovery Auth. v. Planning and Zoning Commission, 225 Conn. 731, 749 (1993). When acting in a legislative capacity (as the Town of Fairfield was when it promulgated its special permit regulations) an agency "is vested with a large measure of discretion, and the burden of showing that the agency has acted improperly rests upon the one who asserts it." Aaron v. Conservation Commission, 183 Conn. 532,537 (1981). Our Supreme Court has stated that:
 Local commission are closest to the circumstances and conditions which created the problem and shape the solution . . . In CT Page 7617 determining claims of error in such matters, courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their action. (Citations and internal quotation marks omitted.)
Connecticut resources Recovery Authority v. Planning and Zoning Commission, 225 Conn. at 751.
Section 8.2 of the Conn. Connecticut General Statutes authorizes a zoning commission to require a special permit for "certain classes or kinds of buildings, structures, or uses of land" Conn. Gen. Stats. 8-2. Levine's unsupported and belated claim that Fairfield's use of special permit requirements is so excessive that it violates 8-2 is insufficient to meet the heavy burden required to invalidate an ordinance.
Levine's remaining attacks on the Commission's third reason essentially amounts to a claim that the considerations contained in 25.7.7 are general policy statements that cannot support a denial of a special permit, and, even if they are appropriate, the evidence does not support the Commission's actions.
A zoning commission can consider whether parking or traffic congestion would adversely impact the surrounding neighborhood in deciding whether to grant a special permit. Barberino Realty and Development Corp. v. Planning and Zoning Commission,222 Conn. 607, 613 (1992). See also, West Hartford Methodist Church v. Zoning Board of Appeals, 143 Conn. 203 (1956); Cameo Park Homes Inc. v. Planning and Zoning Commission, 150 Conn. 672,676-677 (1963); Malafronte v. Planning and Zoning Board,155 Conn. 205, 213-214 (1967). Connecticut courts have never held that a zoning commission lacks the ability to exercise discretion to determine whether the general standards in the regulation have been met in the special permit process. Connecticut Health Facilities, Inc. v. Zoning Board of Appeals,29 Conn. App. 1, 6 (1992).
The evidence presented to the Commission supports its finding that the standards of 25.7.7 would not be met if Levine's proposed outdoor patio was approved. The Commission heard from twelve persons who resided in the area of the Seagrape Cafe who testified in opposition to the special permit CT Page 7618 application. These witnesses testified that the Seagrape Cafe is located near the shore in an area that is predominantly residential. The common thread running through their testimony was that the noise generated by the patrons inside the Seagrape Cafe, particularly on the weekends, was very disruptive to their lives especially as related to the ability of themselves and their children to sleep. In addition, the residents claimed that the parking at the Cafe was inadequate to support the existing customers such that illegally parked cars are a regular occurrence. The gist of their objections was that the proposed outdoor patio would make what, in their view, was an already bad situation even worse particularly with respect to noise. Two of the witnesses spoke as representatives of neighborhood organizations. T pp 26-50.
The Commission was entitled to credit this testimony and find, as it did, that the proposed outdoor patio at the Seagrape Cafe would not accomplish a transition in character between areas of unlike character, would not protect property values, would not preserve and enhance the appearance and beauty of the neighborhood and would not avoid undue traffic congestion. The Commission acted within its legal discretion in denying the application on this ground.
CONCLUSION
The court finds that the Commission improperly denied Levine's special permit application on the ground that the proposed use would violate the setback requirements of the Fairfield Zoning Regulations. However, the court further finds that the Commission acted within its legal discretion when it denied the application because of a failure to meet the zoning regulation's parking requirements and because the proposed outdoor patio would not harmonize with the surrounding residential neighborhood. Since at least one of the reasons advanced for the denial of the special permit is sufficient, the action of the Commission must be upheld. Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. at 305-306. Accordingly, Levine's appeal is ordered dismissed.
So ordered at Bridgeport, Connecticut this 20th day of August, 1993.
ROBERT J. DEVLIN, JR., JUDGE CT Page 7619