[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a civil matter brought by the plaintiff, Robert Craig, currently an inmate in the custody of the Commissioner of Corrections. By complaint dated April 24, 1995, Mr. Craig seeks various equitable relief including a declaratory judgment pertaining to the adoption of certain administrative directives by the defendant Commissioner. In essence, the plaintiff requests this court to issue an order that the Commissioner of Corrections must adhere to the procedures prescribed by the Uniform Administrative Procedures Act in adopting certain departmental administrative directives. Also, by pleading dated June 28, 1995, the plaintiff requested the court to direct the Commissioner of Corrections to provide him with legal assistance in regard to this matter. The plaintiffs motion was denied.
By pleading dated September 19, 1995 the Commissioner filed an answer together with two special defenses. In the First Special Defense the Commissioner alleges that the defendant's administrative directives do not constitute regulations as defined in the Uniform Administrative Procedures Act. In his Second Special Defense the Commissioner claims that the court lacks jurisdiction to entertain this action pursuant to Connecticut General Statutes § 4-175. In response, the plaintiff has filed a Motion to Strike the Commissioner's Answer and Special Defenses. In his motion the plaintiff claims that he had filed a Motion for Default on the basis of the defendant's failure to timely answer his complaint. In addition, he claims that the defendant's answer is legally insufficient, and the special defenses are invalid, without merit, and legally insufficient. By pleading dated October 6, 1995 the defendant objected to the plaintiff's Motion to Strike. This Memorandum deals with the plaintiff's Motion to Strike and the defendant's Objection to Motion to Strike.
In this matter no default has entered against the defendant Commissioner. The court will not grant the plaintiff's Motion to Strike on the basis of untimeliness of the filing of the Answer CT Page 398 and Special Defenses.
The defendant's special defenses consist of legal claims by the defendant which implicate the viability of plaintiffs cause of action. While the allegations contained in the First Special Defense may have been properly contained in an answer denying pertinent portions of the plaintiffs complaint, the factual allegation contained in the First Special Defense puts the plaintiff on direct notice of the Commissioner's position that administrative directives are not regulations as defined in the Uniform Administrative Procedures Act. The Commissioner has benefitted [benefited] the plaintiff by specifically pleading this mixed issue of law and fact. The Second Special Defense implicates the court's subject matter jurisdiction. Thus, both special defenses are procedurally correct.
In his Motion to Strike the plaintiff takes issue with the factual allegations and legal assertions of the defendant's Special Defenses. A motion to strike is used to challenge the legal sufficiency of the factual allegations of a pleading.Gordon v. Bridgeport Housing Authority, 208 Conn. 161 (1988). If the factual allegation would support a cause of action, the motion must be denied. Mingachos v. VBS, Inc., 161 Conn. 91
(1985). "In passing on a motion to strike . . .we must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them."(internal citations omitted) Zeller v. Mark, 14 Conn. App. 641
(1988). The allegations contained in the pleading which is the target of a motion to strike, ". . .are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them, and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fall." Ferryman v. Groton,212 Conn. 138 (1989).
In this action, the plaintiff seeks to challenge the allegations set forth in the Special Defenses through filing a Motion to Strike. It is not his proper vehicle. The plaintiff may contest the assertions of the defendant's Special Defenses by filing a proper Reply.
For the reasons stated, the Plaintiff's Motion to Strike is denied.
Bishop, J. CT Page 399