[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on an appeal by the plaintiff from denial of appeal of an order of the Redding Zoning Enforcement. Officer
The plaintiff in this zoning appeal, Barbara A. Parks, owns a small horse farm in Redding on which, for the last eighteen years, she has maintained a dumpster for the purpose of manure storage and collection. The original dumpster was three cubic yards and violated the setback requirements of the Redding Zoning Regulations, see § 4.6 of the Redding Zoning Regulations, Return of Record A, but qualified as a nonconforming use because it was in place prior to the enactment of the Zoning Regulations. In 1994, the plaintiff replaced the three-yard dumpster with a dumpster which was larger and encroached farther into the setback. The CT Page 391-A Redding Zoning Enforcement Officer issued a cease and desist order against the plaintiff, and the plaintiff appealed to the Redding Zoning Board of Appeals ("Board"), arguing that the larger dumpster and greater setback violation were a permissible expansion of a nonconforming use. The Board denied the plaintiff's appeal, and the plaintiff now appeals to this court.
As the Board argues in its trial brief, a nonconformity can exist in four ways: (1) the use of the land or structure thereon may be nonconforming; (2) the lot of land may be nonconforming with respect to size or shape; (3) the structure on a piece of land may be nonconforming with regard to height, square footage, etc; or (4) the location of a structure may be nonconforming in that it fails to meet setback requirements. R. Fuller, Land Use Law and Practice, § 52.1, p. 840 (1993). The dumpster on the plaintiff's land is nonconforming as to setback only, which makes the structure fall into the fourth category of nonconforming uses.
"It is recognized that the distinction between a nonconforming building or structure and a nonconforming use of land is genuine and may be critical." (Internal quotation marks omitted.) Petruzzi v. Zoning Boardof Appeals, 176 Conn. 479, 481 n. 2, 408 A.2d 243 (1979); see also SeasideProperties v. Zoning Board of Appeals, 14 Conn. App. 638, 640,542 A.2d 746 (1988). The Redding Zoning Regulations also emphasizes this distinction by differentiating between "Nonconforming Buildings and CT Page 391-B Structures," § 5.17.2, and "Nonconforming Uses," § 5.17.3. (Return of Record A.) Since the plaintiff's existing dumpster is a nonconforming structure, it can be distinguished from a nonconforming use of land.
"The prohibition of expansion of nonconforming uses applies only to the aspect of the use or structure which is nonconforming." R. Fuller, Land Use Law and Practice § 52.1, p. 840 (1993). See also Sherman v.Planning Zoning Board of Appeals, 13 Conn. App. 699, 706,539 A.2d 588 (1988) ("If, however, a house, which was a nonconformity because it predated the setback regulation, was changed to a restaurant it would not be insulated from the regulations for restaurants, except for the setback nonconformity."). The plaintiff, then, may expand upon the use of the dumpster on her property in any way allowed by the Redding Zoning Regulations, as long as she does not expand upon the nonconforming aspect of the dumpster, i.e., the violation of the setback. However, the Redding Zoning Enforcement Officer found that the plaintiff, by using the new, larger dumpster, had in fact increased the violation of the setback.
The plaintiff in her brief cites two cases which allowed the intensification of nonconforming uses of land. The Supreme Court inZachs v. Zoning Board of Appeals of Avon, 218 Conn. 324, 331,589 A.2d 351 (1991), allowed an operator of a commercial antenna in a residential area to increase the number of persons using the antenna, finding that "a mere increase in the amount of business done pursuant to a nonconforming use is not an illegal expansion of the original use." (Internal quotation marks omitted.) In Hall v. Brazzale,
CT Page 391-C31 Conn. App. 342, 349, 624 A.2d 916, cert. denied, 227 Conn. 905,632 A.2d 691 (1993), the court allowed the defendant, who operated a nonconforming storage facility for vehicles on his property, to expand on the use of his property by storing larger vehicles. The plaintiff's release in Zachs and Hall is misplaced. Both of these cases can be distinguished from the present appeal because they address the intensification of a nonconforming use (emphasis added) of property, as opposed to a nonconforming location of a structure, as is addressed in the present appeal.
In addition, § 5.17.2(c) of the Redding Zoning Regulations provides that a structure that is nonconforming as to setback "may be enlarged provided that such enlargement does not increase the ground coverage area of the existing . . . structure. . . ." (Return of Record A.) However, the Board, in denying the plaintiff's appeal from the cease and desist order issued by the Redding Zoning Enforcement Officer, found that the new dumpster was in fact larger than the old dumpster. (See Zoning Board of Appeals April 16, 1996 Transcript of Barbara Parks Application for Appeal, Return of Record K, p. 30.) "Where a zoning agency has stated its reasons for its actions, the court should determine only whether . . . they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . ." (Internal quotation marks omitted.) Bloom v. ZoningBoard of Appeals, 233 Conn. 198, 208, 658 A.2d 559 (1995). The larger size of the new dumpster is pertinent to § 5.17.2(c) of the Redding Zoning CT Page 391-D Regulations, and thus was properly addressed by the Board.[1] As such, the Board's decision should be sustained.
The fact that the plaintiff's new dumpster is an impermissible expansion of a nonconforming use does not necessarily preclude the other remedies. However, other remedial issues are not currently before the court.
For the reasons given, the appeal is dismissed.
Mihalakos, J.