[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is an appeal by the plaintiffs, Shawn and Laura O'Sullivan, from a decision by the defendant, the Zoning Board of Appeals of the Town of Hamden ("the Board" or "ZBA"), granting the application (#98-5684) of the defendant, Clear Channel Communications, Inc. ("Clear Channel") for four variances to the Hamden Zoning Regulations (regulations") to enable Clear Channel to apply for a special permit to construct a tower on which it would place its radio station transmission antennae.
Clear Channel made its application on or about June 16, 1998. A public hearing on the application was held on July 16, 1998, following which the defendant ZBA voted to approve said variances. This appeal followed. A hearing on the appeal was held on April 15, 1999, at which the plaintiffs, abutting landowners, were found aggrieved for purposes of standing to take this appeal.
 II
Clear Channel, through Clear Channel Radio, Inc., owns and operates radio station WKCI with offices on Benham Street in Hamden. Clear Channel also owns and operates radio stations WELl and WAVZ at the same location. The stations' antennae are presently located on a tower owned by TV Channel 8 (WTNH/TV) on property off Gaylord Mountain Road in Hamden. The Channel 8 tower is on property adjoining that on which Clear Channel wishes to CT Page 10000 place its tower. Channel 8 has informed Clear Channel that it will increase the rent for the antennae from $1,700.00 per month to $10,000.00 per month, and is proposing a lease clause which would allow Channel 8 to terminate its lease with Clear Channel on six month's notice. WKCI is licensed by the Federal Communications Commission (the FCC"). Under the terms of said license, the station's antennae must be located in the Town of Hamden; must be at an elevation of at least 1200 feet above sea level; and any relocation of the antennae must be within a one mile radius of their current location. The site chosen by Clear Channel, property designated as 360 Gaylord Mountain Road and owned by the estate of the defendant, the late Helen M. Talinadge, meets these requirements.
 III
Clear Channel sought variances as follows: Regulations. Section 737F a. 1: New towers shall be set back from the property boundaries as follows:
1. A minimum of 250 feet in any residential zone.
Clear channel sought a setback of 225 feet, a variance of 25 feet; Regulations, Section 737F a 3: New towers shall be set back from the property boundaries as follows:
3. A minimum of 1 1/2 (one and a half) times the height of the maximum structurally allowable tower height in any zone.
Clear Channel sought a setback of 225 feet, a variance of 713 feet;. Regulations, Section 737F e: New towers shall not exceed the minimum height necessary to provide Adequate Coverage for the Personal Wireless Service Facility proposed for use on the tower and the additional height necessary to accommodate future sharing of two additional Personal Wire Service Facilities. Design Information justifying such additional height shall be submitted.
The maximum height allowable under the regulations is 200 Feet. Clear Channel sought a height of 625 feet, a variance of 425 feet. Regulations, Section 737E e 3.8: Balloon Test:
Clear Channel sought a variance that would eliminate the section's requirement of a balloon test.
 IV CT Page 10001
A zoning board of appeals derives its powers to vary the application of its regulations from General Statutes, Section 8-6
(a)(3). Regulations, Section 861.2, which tracks General Statutes, Section 8-6 (a)(3), gives the Board the power and duty: "To determine and vary the application of the Zoning Regulations in harmony with their general purpose and intent and with due consideration for the Plan of Development and for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where owing to conditions especially affecting such parcel, but not affecting generally the district in which it is situated, a literal enforcement of the regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." It adds: "Financial hardship alone shall not be considered an exceptional difficulty or unnecessary hardship"
Connecticut courts have long held that zoning boards of appeal are authorized to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan, Fleet National Bank v.Zoning Board of Appeals, 54 Conn. App. 135, 140 (citations, quotation marks omitted).
The hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control, Pike v. Zoning Board of Appeals,31 Conn. App. 270, 274 (citations, quotation marks omitted).
The comprehensive plan is found in the zoning regulations themselves, Id., at 24 (citations omitted).
 V
The plaintiffs first argue that the Board lacked jurisdiction to grant the variances at issue, because Clear Channel failed to produce evidence of ownership of the land in question, or of an option to purchase. The court finds there was sufficient evidence in the record to confer standing on Clear Channel to apply for variances on the subject property. CT Page 10002
The plaintiffs' also claim that the Board, in entertaining the subject application, impermissibly acted in a legislative capacity, since approval necessarily had to add commercial radio to the uses permitted under regulations, Section 412.3. The court finds this claim without merit. A tower, as defined in regulations 737C, is a permitted use in an R-2 District; the court finds that the Board, in approving the subject variances did not act legislatively.
The plaintiffs' third jurisdictional claim is: "no use variance was applied for or noticed".This apparently is premised on acceptance by the court of the plaintiffs' Section 412.3 argument. The court is unpersuaded. A tower, as defined in Section 737C, is a permitted use in an R-2 District.
The defendant Board, in voting to approve the subject application, did not state upon its records the reason for its decision, nor did it describe specifically the exceptional difficulty or unusual hardship on which its decision was based. The plaintiffs argue that General Statutes, Section 8-7 makes such description mandatory and invites the court to sustain their appeal because of the Board's failure to comply with the statute. The court declines to do so. Rather, it will search the record to determine if there is some basis for the action taken, Grillo v.Zoning Board of Appeals, 206 Conn. 362, 369 (citations, quotation marks omitted).
 VI
The plaintiffs claim that the applicant has failed to establish statutory hardship ("exceptional difficulty or unusual hardship", Section 8-6 (a)(3)).
The defendant Clear Channel's claim of statutory hardship may be summarized as follows: We are being forced to find an alternative location for our antennae; Channel 8's proposed lease provisions are financially onerous and, more importantly, could leave us without a tower for our antenna on six months' notice. We wish to erect our own tower. In doing so, we must comply with conditions imposed on us by the Federal Communications Commission; the WKCI antenna must be in Hainden, it must be within a one mile radius of the existing Channel 8 tower and the antennae must be placed at an elevation of 1200 feet above sea level. The subject property, 360 Gaylord Mountain Road, is best CT Page 10003 suited to meet these stringent conditions and is otherwise suitable as a site for the tower. To erect a suitable tower we need the variances applied for. Absent the variances requested, we cannot use the property for a permitted use.
"The hardship which justifies a board of zoning appeals in granting a variance must be one which originates in the zoning ordinance. . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved", Whittaker v. Zoning Board of Appeals,179 Conn. 650, 658. The court finds the subject property is in an Residence R-2 District. It comprises some 33 acres. The topography is steep, sweeping upward generally from Gaylord Mountain Road in a westerly direction. The slope is steep-approximately 50 degrees. The proposed tower would be located near the northwest corner of the property. Running diagonally across the property, generally northeast to southwest is a utility right of way on which are located electric transmission lines and towers supporting same. The easement holder is the Connecticut Light Power Company (CLP). The lines divide the property into two physical segments, the segment south and east of the easement being the larger. The tower would be located in the smaller segment. This smaller segment has few, if any uses, absent the needed variances permitting construction of the tower. There has been no showing that the property as a whole cannot be developed for residential purposes without the requested variances.
Clear Channel argues that personal wireless service facilities and towers supporting personal wireless service facilities are permitted uses in all residential districts, including R-2. Personal wireless service facilities are regulated pursuant to regulations, Section 737 et seq. The title of this Section is significant: "Personal Wireless Service Facilities and Towers; Other Antennae, and Satellite Dishes"(emphasis added). In Section 737C, Relevant Definitions, "Tower" is defined as "A lattice structure of framework, or monopole, that is designed to support Personal Wireless Service or other communications system, transmission, receiving and/or relaying antennas and/or equipment". (emphasis added). Section 737D a. provides, in pertinent part: "Towers are permitted in all zones subject to Special Permit and Site Plan approvals and compliance with Section 737". Therefore, Clear Channel asserts, we are permitted to erect a tower for our antennae in an R-2 District, but cannot seek a special permit to do so on the subject property without CT Page 10004 the variances requested. The court is persuaded
The court finds that Clear Channel entered into an option to purchase the subject property for the purpose of erecting a tower for its antennae. A tower is a permitted use in the R-2 District., regulations, Section 737D (a). The subject property is uniquely suited for Clear Channel's needs. The court finds that the hardship is not self-inflicted (see, eg., Petruzzi v. ZoningBoard of Appeals, 176 Conn. 479, 484, wherein the court concluded that a purchaser who sought to use a non-conforming lot and building for a permitted use "cannot be said to be seeking relief from hardship brought on himself by virtue of his purchase.") Absent the variances sought as to height and setbacks, Clear Channel will not be able to construct a tower of the needed height on the site deemed most suitable. There is evidence in the record to support the claim that the chosen site on the property is most suitable because of its height above sea level and because, compared to other locations on the subject property, it is more remote from neighboring residences The use of the segment of the property on which is located the site of the proposed tower is severely limited by reason of the steepness of the slope and the proximity of the CLP transmission lines.
The court is not to substitute its judgment for that of the Board, Pike v. Zoning Board of Appeals, supra, at 273. The court finds there is a basis in the record to support a finding by the Board of statutory hardship. The hardship is that, absent the variances sought, the applicant will be unable to use the subject property for a permitted use.
An applicant for a variance must demonstrate that its application is in harmony with the town's Plan of Development. The comprehensive plan is found in the zoning regulations themselves, Pike v. Zoning Board of Appeals, supra, at 277 (citations omitted). Towers are a permitted use in all zones, regulations, Section 737D. Therefore, a proposal to construct a tower is in harmony with the town's comprehensive plan of zoning and the Plan of Development. The court finds there was sufficient evidence in the record to support a finding that the variances sought would not have an adverse effect on neighborhood property values.
As for the fourth variance sought, to "vary" the required balloon test, sufficient evidence was introduced into the record to permit the Board to waive this requirement and the Board's CT Page 10005 approval constituted a waiver of the requirement
The plaintiffs' remaining claims do not require extensive discussion. The claim that the decision violated the "use/user principle", because a representative of Clear Channel recited a list of actions by Clear Channel which she claimed were services to the community must fail in the absence of any evidence that the Board based its decision on her claim. Similarly, the claim that "the record suggests that improper factors played a decisive role" is unpersuasive. The "improper factors" cited were statements by Hainden's fire and police chiefs in favor of the application. In the absence of any evidence that the Board based its decision on said statements such a claim remains speculative. For Clear Channel to offer free use of the proposed tower to town departments does not require the Board to deny the said application for variance.
The plaintiffs claim the subject application was incomplete such as to deprive the Board of jurisdiction to grant said application. The court finds that the defects claimed did not deprive the Board of jurisdiction to grant said application.
 VI
The court finds that there is substantial evidence in the record on which the Board could base its decision to approve the subject application for variances The plaintiffs have failed to establish, by a fair preponderance of the evidence, that the Board, in approving the subject application for variances, acted illegally, arbitrarily, capriciously, improperly as a matter of law, or in excess or abuse of discretion.
The appeal is, accordingly, dismissed, and judgment may enter in favor of the defendants, the Zoning Board of Appeals of the Town of Hainden, Bernard A. Pellegrino, Helen M. Talmadge by George H. Taimadge, Executor, and Clear Channel Communications, Inc., aka Clear Channel Radio, Inc.
Downey, J.