[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff owns an apartment building at 230 Main Avenue, (AKA Main Street) Norwalk Connecticut, which contains six units. The city maintains that three of the units are illegal.
Paragraph 14 of the complaint, dated December 3, 1997, states "On or about August 27. 1997, the zoning enforcement officer made a decision CT Page 15042 that the plaintiff had violated Section 118-522 and Section 118-1420 D.E.G."
At the administrative appeal hearing, the court found aggrievement.
At a hearing before this court on August 10, 2000, the Plaintiff's Attorney refers to a June 9, 2000 Motion To Introduce Evidence Pursuant to C.G.S. Section 8-8(K).
The plaintiff claims that he was misled by a February 5, 1997 letter from Aline Rochefort, Deputy Zoning Inspector. One line taken out of context by Plaintiff's Attorney reads: "I do not dispute that the field cards from 1972 show 6 family".
At the August 10, 2000 hearing before this court, the Plaintiff's Attorney stated that the plaintiff did not testify at the Zoning Board of Appeals Public Hearing because Plaintiff's Attorney was under the impression that the number of units was not in dispute.
The February 5, 1997 letter from Aline Rochefort to Attorney Anthony Modugno reads as follows:
 "Anthony Modugno February 5, 1997 Modugno, Modugno Modugno 30 Westport Avenue Suite 1 Norwalk, CT 06851
 Dear Anthony Modugno Re: 230 Main — Joseph Kelly 6 units
 I am in receipt of your letter dated January 30% I do not dispute that the field cards from 1972 show 6 family. Field cards are a result of inspections they are not research indicating the legality of units.
 Mr. Kelley was sent a notice of violation on May 3, 1995 and given the opportunity to provide us with proof of a legal status for the six units (copy attached). A Certificate of Occupancy would have been ideal however, none was provided hence the follow up cease and desist.
 Our records clearly indicate a Certificate of Occupancy for 3 units ( see attached).
 Therefore I will not change my position that this CT Page 15043 property is in violation.
 I expect that you will follow up with Mr. Bradley within 10 days. If you fail to do so I will ask our Corporation Council to begin legal action.
Sincerely,
 Aline Rochefort Deputy Zoning Inspector"
The court finds that the February 5, 1997 letter is clear and not ambiguous.
The plaintiff's attorney could not and should not have been confused by this letter. In addition, numerous letters were sent to the plaintiff and his attorney regarding the zoning use violation.
This court does not intend to permit additional testimony.
On October 4, 1976, the Chief Building Official of the City of Norwalk, William R. Guarniere, issued a Certificate of Occupancy to the then owner. The certificate stated that the building at 230 Main Street was approved for occupancy for an existing 3 family apartment building.
On February 28, 1995, after an inspection, the Norwalk Fire Marshall sent "Fire Marshall's Order For The Abatement of Hazards" to the plaintiff. It would appear that this order uncovered the zoning violation.
On May 3, 1995, the Deputy Zoning Inspector sent a letter to the plaintiff stating in part "A search of our records showed no permits for the apartments". The letter goes on to state: "Unless you produce evidence of permits or of some legal nonconforming status for the apartments within five (5) days, you must remove the apartments within fifteen (15) days."
On May 23, 1995, the Deputy Zoning Inspector sent a letter to the plaintiff reiterating that his apartments are in violation of Section 118-522 of the Building Regulations of the City of Norwalk. The letter goes on to advise the plaintiff as follows:
 "The following corrective action is required with ten (10) days. a) Obtain permits for apartments."
From July 18, 1995 through February 4, 1997, the plaintiff and/or his CT Page 15044 attorney were advised that his site plan submissions for apartment approval were not acceptable.
On February 5, 1997, the Deputy Zoning Inspector advised plaintiff's counsel as follows: "Our records clearly indicate a Certificate of Occupancy for 3 units (see attached)." The attached was not included in the Return of Record. The court assumes the Deputy Zoning Inspector obtained the October 4, 1976 Certificate of Occupancy referred to above.
On or about September 5, 1997, the plaintiff appealed to the Zoning Board of Appeals of the City of Norwalk. The application states "I would like to appeal the letter from Arline Rochefort dated 8/22/97." That letter states in part: "All City documentation shows 3 units, therefore variances would be required for lot size setbacks, etc., to legalize the additional 3 units."
A public hearing before the Zoning Board of Appeals of the City of Norwalk was held on November 20, 1997 at 7:30 p.m. in the Norwalk Town Hall.
It is clear from a review of the Transcript of the public hearing that there was no credible evidence presented at the hearing to substantiate plaintiff's claim that the six unit use was a legal use. The plaintiff did not testify at the hearing.
The Plaintiff's Attorney referred to 1972 tax assessor cards, which according to counsel, lists the subject property as a six unit apartment. It would appear that these tax cards were not introduced at the hearing, as they are not a part of the Return of Record.
By unanimous decision, on November 20, 1997, the Zoning Board of Appeals denied the plaintiff's appeal. The decision upholds the Deputy Zoning Inspector's finding that the six (6) unit building at 230 Main Avenue is not a legal nonconforming use.
Even if Plaintiff's Attorney had introduced the 1972 Assessor's cards at the public hearing, the Zoning Board of Appeals would have properly found that these cards do not prove that the six (6) unit use is legally nonconforming.
The plaintiff primarily relies on his interpretation of General Statutes § 8-13a, which reads as follows:
 "Sec. 8-13a. Nonconforming buildings and land uses.
(a) When a building is so situated on a lot that it violates a zoning regulation of a municipality which CT Page 15045 prescribes the location of such a building in relation to the boundaries of the lot or when a building is situated on a lot that violates a zoning regulation of a municipality which prescribes the minimum area of the lot, and when such building has been so situated for three years without the institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to such boundaries or to the area of such lot, as the case may be."
 C.G.S. § 8-13(a) does not pertain to the use of property.
In a 1996 Superior Court Decision, the court considered buildings nonconforming "where they exist over the setback line for over three years." Hi-way Realty v. New Milford Zoning Commission, Superior Court, Judicial District of Litchfield, Docket No. 017054 (October 15, 1996, Pickett, J.). Five years earlier, the lower court observed that "where the location of a building violates setback requirements for a period of three years, it becomes a legal nonconforming building. No such protection is given to illegal uses." Peters v. Zoning Board of Appeals,Groton, Superior Court, Judicial District of New London at Norwich, Docket No. 094941 (March 13, 1991, Austin, J.).
"The purpose of [§ 8-13a] is to give non-conforming use status to buildings that have existed on a site for three years or more which are in violation of a zoning regulation as it relates to its location on the site with relation to boundaries or minimum lot size. It does not relate to the use which any building might be put to." Oczkowski v. OxfordZoning Board of Appeals, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 044041 (May 3, 1995, Curran, J.). Accordingly, in that case the addition of an in-law apartment above the garage constituted an illegal nonconforming use, similar to the current case where there existed three more residential units than the building's certificate of occupancy showed. Id. See also Petruzzi v. Zoning Board ofAppeals, 176 Conn. 479, 481 (1979) (a building declared nonconforming under § 8-13a may still "change from one permitted use to another permitted use" § under § 8-2); Mulholland v. Fortunata, Superior Court, Judicial District of New London, Docket No. 527827 (March 3, 1994, Austin, J.) ("8-13a) applies to the resident itself and not the use of it as a two-family dwelling").
"For a use to be nonconforming under . . . Connecticut case law, that use must possess two characteristics. First, it must be lawful; and second, it must be in existence at the time that the zoning regulation CT Page 15046 making the use nonconforming was enacted. Helilcopter Associates, Inc.v. Stamford, 201 Conn. 700, 712, 519 A.2d 49 (1986). In the present case, the return of record is silent as to when the building first contained six apartments. There is no proof provided as to if or when building official permission was given to make alterations of the building such as a work permit or certificate of zoning compliance. While it is arguable that the building was large enough to contain six legal units in compliance with the zoning requirements at the time, the plaintiff has failed to establish that the building had six units at the time the current zoning provisions were enacted, thereby qualifying it as a nonconforming use.
Plaintiff's Attorney has stated that the size of plaintiff's lot would permit five (5) apartments under current Norwalk Zoning Regulations. This issue was not before this court.
The court finds that the plaintiff failed his burden of proving that the Zoning Board of Appeals' decision to uphold the actions of the Zoning Enforcement Officer was erroneous.
The appeal is dismissed.
TOBIN, J.